FRANK FITZPATRICK

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Springfield March 21, 1881.*

1. CRIMINAL LAW—*return of indictment into court.* A recital in the record, "this day comes again the grand jury and presents to the court indictments in the following cases," among which was one against the defendant, makes it sufficiently clear that the indictment against the accused was publicly presented to the court,—and that is sufficient.

2. SAME—*facts proper to determine the intent accompanying assault.* The manner, time and place of an assault by a man upon a woman are all elements to be considered by the jury in arriving at a conclusion as to the intent with which the assault was made, as, whether to commit a rape, or a simple assault.

3. SAME—*intent to commit rape need not be shown by defendant's words.* It is not necessary to a conviction for an assault with intent to commit rape, that the defendant should have expressed by words what his intention was in assaulting the prosecutrix. That may be made to appear from his acts and the circumstances proven, as well as by his words.

4. SAME — *sentence to take effect after expiration of a prior one.* There is no error in making the punishment by imprisonment in the penitentiary, of one convicted on a second indictment, to commence at the expiration of a term of imprisonment in another case tried at the same term of court against the same person, the prior conviction and term of imprisonment being specifically named in the judgment of the court rendered on the second conviction.

5. INSTRUCTION—*in language of the statute.* An instruction which states the law nearly in the language of the statute, that drunkenness is no excuse for crime, is not erroneous.

6. NEW TRIAL—*misconduct of juror.* The fact that a juror in a criminal case, on his examination, stated, in good faith, that he did not know the defendant, and that if he had ever seen him before he had forgotten him, whereas, in fact, he was on a former jury before whom the defendant was tried and convicted for an assault with a deadly weapon, will not disqualify the juror, or afford sufficient ground for a new trial.

WRIT OF ERROR to the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding.

Messrs. STEVENSON & EWING, for the plaintiff in error, claimed that, from the evidence, the defendant was not guilty of the crime, there being no proof of any intent to commit a rape, and that the proof showed simply an assault, though an unprovoked, senseless and reckless one, made while under the influence of intoxicating liquor.

The second and third of the people's instructions were calculated to mislead the jury. In a case like this, where the circumstances are such as to inflame the passions, the instructions should be so worded as that they may not be taken as a

license for a vent of their passions. *Chicago and Alton R. R. Co.* v. *Murry,* 62 Ill. 326.

The intent of the defendant in the assault was the vital issue. On this question the jury are told, "that it is not necessary to prove that defendant, Fitzpatrick, expressed by any words what his intention was in committing the assault." "But the intention of Fitzpatrick may be inferred from the circumstances of the said assault." This is equivalent to saying, "the circumstances of this assault will warrant you in inferring the intent."

The first instruction for the people was wrong. Although drunkenness is no excuse for crime, yet the jury may take into consideration the condition of the accused caused by drunkenness, with the other parts of the case, in settling the question of intent. *People* v. *Harris,* 29 Cal. 678; *People* v. *Eastman,* 14 N. Y. 562.

The judgment should have been arrested, because the record fails to show the return of the indictment into *open* court. "This day comes again the grand jury, and present to the court," etc., does not show the court was open. Rev. Stat. 1845, p. 309, sec. 3; 1 Archb. Cr. Pr. 98 n. 1; 4 Black. Com. 366; *Gardner* v. *People,* 3 Scam. 85; *Rainey* v. *People,* 3 Gilm. 71; *Gardner* v. *People,* 20 Ill. 430; *Yundt* v. *People,* 65 id. 372; *Aylesworth* v. *People,* id. 301.

The sentence is uncertain and indefinite as to the place and time of the punishment. *Laney* v. *Cleveland,* 34 Ohio St. 599.

Mr. ROBERT B. PORTER, State's attorney, for the People:

The indictment was returned into court, which means when convened for the transaction of business. Bouv. Law Dic. "Court." *Gardner* v. *People,* 3 Scam. 85; *Rainey* v. *People,* 3 Gilm. 71; *Schirmer* v. *People,* 33 Ill. 276; *McKennie* v. *People,* 2 Gilm. 540.

The judgment is as certain and definite as the circumstances of the case will permit, and is abundantly justified by

the authorities. *Laney* v. *Cleveland*, 34 Ohio St. 599; *Williams* v. *State*, 18 Ohio St. 46.

The intent of the accused in making the assault will be sufficiently shown by his words or *acts*. 2 Archb. Cr. L. 309; *People* v. *Bates*, 2 Park. Cr. R. 27.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Frank Fitzpatrick was jointly indicted with one Montgomery, for an assault on the person of Cynthia Morrison, with intent to commit a rape upon her. On the trial Montgomery was acquitted, but Fitzpatrick was found guilty, and by the verdict, the time he should serve in the penitentiary was fixed at five years. Motions for a new trial and in arrest of judgment were severally overruled, and judgment pronounced in accordance with the verdict. By the judgment of the court, the imprisonment of defendant was to commence at the expiration of the sentence and imprisonment pronounced against him in another case, tried at the same term of the same court, in which he was indicted for malicious mischief, and of which he was convicted. Defendant brings the case to this court on error, and seeks a reversal of the judgment against him.

One objection taken on the motion in arrest of judgment is, it does not appear from the record the indictment was presented by the grand jury in " open court." This is a misapprehension of the record. It is recited in the record, " this day comes again the grand jury and presents to the court indictments in the following cases," among which was this one against plaintiff in error. This recital makes it sufficiently clear the indictment against the accused was publicly presented to the court, and that is all the law requires. Blackstone, in his Commentaries, says an indictment must be publicly presented to the court, and our statute has not made any more strictness in this regard necessary than was observed at common law.

It is argued, with much earnestness, the testimony fails to
show accused was guilty of the crime for which he was in-
dicted, however reckless and wanton his conduct may appear
to have been.  It is conceded a wanton assault was made on
the prosecutrix.  The intent with which the assault was made
of course characterizes the crime, and determines whether it
was a felony or a mere misdemeanor.  Neither the accused
nor his counsel have assigned any motive for the assault con-
sistent with his innocence.  If it was not done with the intent
charged in the indictment, what possible motive could have
induced the assault?  The manner, time and place of the
assault were all elements to be considered by the jury in
arriving at a conclusion as to the intent with which the
assault was made upon the prosecutrix.  Considering together
all the circumstances proven, the verdict is warranted by the
law and the evidence, and there is no sufficient reason for
disturbing it for the causes alleged.

Complaint is made as to the second, third and fifth instruc-
tions given on behalf of the people.  No specific objections
are pointed out to the second and fifth instructions, and none
are perceived.  As respects the third instruction, it is not
obnoxious to the criticism made upon it.  It is a correct
principle, and one applicable to the case, that it was not
necessary to a conviction it must be proved defendant ex-
pressed by words what his intention was in assaulting the
prosecutrix.  His intention, whatever it was, could be made
to appear as well from proof of his acts as from spoken
words.  The instruction, as it was given to the jury, does not
assume, as counsel insist, that an assault had been proven.
It left the jury, and very properly, to infer the intent of
the accused from the circumstances of the assault that had
been proven beyond a reasonable doubt.  In that regard there
was no error in the instruction.

As to the first instruction given on behalf of the people, it
states the law  nearly in the language of the statute, that

18—98 ILL.

drunkenness is no excuse for crime, and there was no error in giving it.

It is said the sentence of imprisonment is uncertain and indefinite, and the insistence is, the judgment, for that reason, ought to be reversed. After pronouncing judgment on the verdict, that defendant should undergo imprisonment in the penitentiary for a period of five years, the court further ordered, "the said imprisonment shall begin at the expiration of the sentence and imprisonment in case number 2467, on the criminal docket of this court, being *The People* v. *Frank Fitzpatrick,* for malicious mischief, at the present term of this court." The propriety of making a sentence for one offence commence at the expiration of the sentence and imprisonment for another offence, when the offences are of the same nature that they may be joined in the same indictment, is conceded. That practice was sanctioned by this court in *Johnson* v. *The People,* 83 Ill. 431. The reason for the rule makes it applicable to cases for distinct offences in different indictments. The same certainty and definiteness is obtainable in one case as in the other. Hence the punishment defendent is to undergo may be made to commence at the expiration of a term of imprisonment in another case, at the same term of the same court, against him, and which is specifically named in the judgment of the court. It is not perceived how the sentence could be made more definite, unless the court should withhold its judgment until the expiration of the sentence of imprisonment in the case named. Such a course would necessarily occasion delay and much inconvenience and would be of no possible advantage to defendant. *Williams* v. *The State,* 18 Ohio St. 46.

A ground insisted upon for a new trial is on account of the misconduct of one of the jurors chosen to try the cause. It is made to appear from the affidavit of defendant, the juror, on his examination touching his qualifications as a juror in the case, in answer to questions propounded to him, stated he did not know defendant, and that if he had ever seen him

before he had forgotten him. It also appears from the same affidavit, the juror was on a former jury before whom defendant was tried and convicted for an assault with a deadly weapon. It did not disqualify the juror that he had previously known defendant. As he stated, if he had ever seen defendant before he had forgotten him, and no doubt his answer was made in the utmost good faith. There was certainly as much to impress the recollection of defendant as that of the juror, and yet defendant says he did not learn until since the trial that the juror was a member of the former jury. Had the attention of the juror been called to the facts and circumstances of the former trial no doubt his recollection would have been refreshed. But this was not done. There was no error in the court in refusing a new trial on account of any misconduct on the part of the juror.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*