THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EDWARD GRAY, Plaintiff in Error.

*Opinion filed December 17, 1913.*

1. CRIMINAL LAW—*what is essential to validity of record in a criminal case.* It is essential to the validity of the record in a criminal case that it show that the proceedings were had in a court regularly organized, and therefore the convening order for the term at which the conviction was had must appear, the record must show that the grand jury was sworn, that the indictment was returned in open court, that the trial jury was empaneled and sworn, and that the defendant was present and entered a plea to the indictment.

2. SAME—*plea of guilty does not waive defect going to jurisdiction of grand jury to act.* A plea of guilty waives irregularities in the constitution of the grand jury, consisting of informalities in drawing or summoning the jurors, questions regarding their qualifications, and the like; but this doctrine does not extend to cases where, because of some fundamental defect, the grand jury was without jurisdiction to act.

3. SAME—*record must show that grand jury was sworn.* The record must show that the grand jury was sworn notwithstanding the accused entered a plea of guilty to the indictment, as an unsworn grand jury has no jurisdiction to return any indictment and the accused cannot waive a charge by an actual grand jury.

WRIT OF ERROR to the Circuit Court of Wayne county; the Hon. J. R. CREIGHTON, Judge, presiding.

BOGGS, BOGGS & HEIDINGER, for plaintiff in error.

P. J. LUCEY, Attorney General, and ARTHUR R. ROY, for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

On the first day of the June term, 1912, of the circuit court of Wayne county a venire was ordered to issue for a special grand jury to investigate a charge of burglary and larceny against the plaintiff in error, who was then confined in the county jail. The record shows that the

sheriff returned into open court the names of sixteen persons whom he had summoned according to law and the order of the court, to serve as grand jurors. The record does not show that any of the persons summoned appeared in court, that a grand jury was empaneled, that a foreman was appointed or sworn, or that a grand jury or any grand juror was sworn. The record shows that on the first day of the term the grand jury came into open court and returned an indictment against the plaintiff in error for burglary and larceny, indorsed by its foreman "a true bill." The plaintiff in error, being arraigned, entered a plea of guilty, and the court having heard the evidence and found his age to be twenty years, he was sentenced to the Illinois State reformatory. He has sued out a writ of error and insists the record is not sufficient to sustain his conviction.

It is essential to the validity of the record of a criminal case that it show that the proceedings were had in a court regularly organized, and therefore the convening order for the term at which the conviction was had should appear. (*Swartzbaugh* v. *People*, 85 Ill. 457.) The record must also show that the grand jury was sworn; (*Sullivan* v. *People*, 156 Ill. 94; *Williams* v. *People*, 54 id. 422; *Yates* v. *People*, 38 id. 527; 2 Bishop's New Crim. Proc.—2d ed.—sec. 1357; 1 Chitty's Crim. Law, \*333; *People* v. *Guernsey*, 3 Johns. Cas. 265; *Grandison* v. *State*, 2 Humph. 451; *Hardy* v. *State*, 96 Miss. 844;) that the indictment was returned into open court; (*Fitzpatrick* v. *People*, 98 Ill. 269; *Yundt* v. *People*, 65 id. 372; *Aylesworth* v. *People*, id. 301;) that defendant entered a plea to the indictment; (*Parkinson* v. *People*, 135 Ill. 401; *Gould* v. *People*, 89 id. 216; *Yundt* v. *People, supra; Aylesworth* v. *People, supra;*) that the trial jury was empaneled and sworn and that the defendant was present at the trial. (*Hubbard* v. *People*, 197 Ill. 15.) These are requirements of the law which have been recognized in repeated decisions and must be adhered to unless changed by the legislature.

The Attorney General concedes that the objection, if interposed in the trial court, would have been fatal, but argues that the plea of guilty waived any irregularity in the empaneling of the grand jury. It is true that irregularities in the constitution of the grand jury are waived by pleading to the indictment, and this doctrine applies to all informalities in the drawing or summoning of the jurors and questions regarding their qualifications, but does not extend to cases where, because of a fundamental defect, the grand jury is without jurisdiction to act. Consent could not give the court jurisdiction to sentence the plaintiff in error on a charge made otherwise than by the indictment of a grand jury. He could waive objections to the manner in which the grand jurors were produced before the court and to the qualifications of individual grand jurors, but he could not waive the charge by an actual grand jury. Without being sworn the grand jury was without jurisdiction to take any action, and it is as essential that the record show an indictment by a grand jury having jurisdiction as a judgment by a court having jurisdiction.

*Judgment reversed.*