(No. 18393.—Reversed and remanded.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES WALLACK, Plaintiff in Error.

*Opinion filed February 24, 1928.*

1. CRIMINAL LAW—*record must show county court was regularly convened and organized.* It cannot be inferred from the County Court act, fixing the law and probate terms of the court, that such terms of court have, in fact, been held at such times, and, whether the hearing be had at a law term or a probate term of the county court, it is indispensable that the record show that the court before which the hearing was had was regularly convened and organized; and mere recitals by the clerk that the proceedings were had at a named term of the court are not sufficient.

2. SAME—*when the record fails to show organization of county court.* Without a *placita* showing that the court was regularly organized at the term at which a defendant was sentenced the conviction cannot stand, and where the *placita* shows the organization of the December law term of the county court but the record further recites that arraignment, judgment and sentence were had in vacation after the December term while the information shows it was filed at a probate term, there is no sufficient showing in the record of the organization of the court when sentence was pronounced.

WRIT OF ERROR to the County Court of Lee county; the Hon. WILLIAM L. LEECH, Judge, presiding.

GEORGE C. DIXON, HIRAM A. BROOKS, and ELWIN M. BUNNELL, (JOHN E. ERWIN, of counsel,) for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, MARK C. KELLER, State's Attorney, and EDWARD C. FITCH, for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This writ of error is prosecuted to review a judgment of the county court of Lee county committing plaintiff in error to the State farm, at Vandalia, upon a conviction for larceny. The writ of error is prosecuted out of this court for the reason that the validity of a statute is involved.

The view we take of the case will not permit us to consider it on its merits. The record contains a *placita* showing that the county court of Lee county was regularly convened and organized on the second Monday of December, 1926. The next recital in the record is the following: "And afterwards, to-wit, on the 10th day of May, A. D. 1927, being in vacation after the December term, A. D. 1926, of said county court, and present same as aforesaid, the following among other proceedings were had and duly entered of record, to-wit:" Here follows the judgment of the court showing the arraignment of plaintiff in error, his plea of guilty and the sentence. This is followed by a copy of the information, with an endorsement showing that it was filed at the May term, 1927, of the Lee county court. Then follows a *mittimus,* which directs the sheriff to arrest the accused and bring him before the county court "now sitting, at the court house in Dixon, in said county." The jury waiver is entitled, "At the May term, A. D. 1927, of the

county court of said county." The record then recites: "And afterwards, to-wit, on the 31st day of May, A. D. 1927, being in vacation after the December term, A. D. 1926, of said county court, and present same as aforesaid, the following among other proceedings were had and duly entered of record, to-wit:" Then follows a verified motion to vacate the judgment and the order overruling that motion. There is nothing in the record showing that the court was organized when plaintiff in error was sentenced.

The County Court act provides that the law terms of the county court of Lee county shall commence on the second Monday in June and December of each year and that the probate terms shall commence on the first Monday of each month, but it cannot be inferred that such terms of court have, in fact, been held at such times. (*City of Alton* v. *Heidrick,* 248 Ill. 76.) Whether the hearing be had at a law term or a probate term of the county court, it is indispensable that the record show that the court before which the hearing was had was regularly convened and organized. Mere recitals by the clerk that the proceedings were had at a named term of the court are not sufficient. (*Swartzbaugh* v. *People,* 85 Ill. 457.) Without a *placita* in the record showing that the court was regularly organized at the term at which plaintiff in error was sentenced to imprisonment the conviction cannot stand. (*People* v. *Gray,* 261 Ill. 140; *Planing Mill Lumber Co.* v. *City of Chicago,* 56 id. 304.) According to the recitals in the record, the December law term had been adjourned and the judgment was entered in vacation. The contention of defendant in error that the judgment was entered at the May probate term is not supported by the record.

The judgment is reversed and the cause is remanded to the county court of Lee county.

*Reversed and remanded.*