(No. 36013.—

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff in Error, *vs.* PATRICK J. SULLIVAN, JR., Defendant in Error.

*Opinion filed January 20, 1961.*

WILLIAM L. GUILD, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicage, (FRED G. LEACH, Assistant Attorney General, and FRANCIS X. RILEY and JOHN T. GALLAGHER, Assistant State's Attorneys, of counsel,) for the People.

GEORGE F. CALLAGHAN, of Chicago, for defendant in error.

Mr. CHIEF JUSTICE SCHAEFER delivered the opinion of the court:

The criminal court of Cook County sustained the motion of the defendant, Patrick J. Sullivan, Jr., to quash an indictment returned against him, and the People have sued out this writ of error to review the ensuing judgment.

The indictment was returned on November 21, 1957, during the extended term of the October, 1957, grand jury. The governing statute provides for extension of the term of a grand jury "for successive periods of not more than 30 days each for the purpose of returning an indictment or indictments on, or the further consideration or investigation of, any matter or matters then under consideration or investigation by said grand jury, all as may be directed by the court in its written order, * * *." Ill. Rev. Stat. 1959, chap. 78, par. 9.

On October 30, 1957, the criminal court entered an order

extending the term of the October grand jury for an additional thirty days from November 1, 1957, for the purpose of further considering and investigating "1. Any violations of law resulting from unlawful payments by the County Treasurer of Cook County or by his deputies or employees to any individual, partnership or corporation. 2. * * * and all violations of law connected with, concerned with, or any way associated with the office of the Treasurer of Cook County, its deputies and employees and any other persons who are parties to such violations."

The indictment was in two counts. Count 1 charged the defendant and one Ernest Peterson with fraudulently obtaining $2860.80 from the county of Cook by means of the confidence game. Count 2 charged that the defendant and Peterson obtained by false pretenses the signatures of certain county officials to a written instrument, in violation of the statute. Ill. Rev. Stat. 1959, chap. 38, par. 253.

Count 1 is couched in the language of the statute. The many grounds upon which it was attacked in the trial court have been abandoned, and in this court the defendant contends, for the first time, that the count is "void since it was not returned within the term of a regular grand jury, nor within the purview of an order extending the existence of a grand jury." The objection thus made goes to the "jurisdiction" of the grand jury, and so can be raised at any time. *People* v. *Brautigan,* 310 Ill. 472, 481; *People* v. *Gray,* 261 Ill. 140, 142.

In our opinion, however, it is based upon an erroneous reading of the order extending the term of the grand jury. Apparently the defendant reads that order as broad enough to include the offense of obtaining money from the county treasurer or his deputies by means of the confidence game, but as too narrow to include the subject of count 1,—obtaining money from the county of Cook by means of the confidence game. But it is sufficiently clear from the terms of the order that it is concerned with matters relating to official

functions of the county treasurer and his deputies, and that funds of Cook County would inevitably be involved in those matters. The objection is without merit.

Count 2 of the indictment recited that the grand jurors

"do further present that one Ernest Peterson and one Patrick J. Sullivan, Junior, * * * unlawfully, knowingly, wilfully and designedly with intent to cheat and defraud the County of Cook, a body politic and corporate, of a large sum of money, personal goods and property, to wit: the sum of two thousand eight hundred and sixty dollars and eighty cents lawful money of the United States of America, obtained by false pretenses the signatures of one Herbert C. Paschen, duly elected and authorized Treasurer of Cook County and one J. E. Sullivan, Deputy Treasurer of Cook County to a certain written instrument, to wit: a check and order for the payment of money, numbered 105217, dated July eighth one thousand nine hundred and fifty six, drawn by said Herbert C. Paschen on the Continental Illinois National Bank & Trust Company in Chicago, (said check being in the amount of two thousand eight hundred and sixty dollars and eighty cents), that said Ernest Peterson was then and there engaged as a duly appointed and acting employee of said Herbert C. Paschen and served in that capacity as Head Bookkeeper of the County Treasurer's office, that as such bookkeeper it was then and there his duty to see that authorized persons who performed services as court reporters on general forfeiture foreclosure cases filed in Cook County, were paid whatever amounts they had forthcoming after a number of said cases had been charged with the proper services and charges and to thereupon issue and execute check requisitions and make up general forfeiture foreclosure sale ledger statements so that payments to proper persons in the proper amounts could be made and that said Ernest Peterson and said Patrick J. Sullivan, Junior, owner and president of the Sullivan Reporting Company, a corporation, then and there unlawfully, fraudulently, designedly, wilfully, knowingly and falsely pretended to said Herbert C. Paschen, County Treasurer of Cook County and more particularly to one William Prather, duly appointed cashier of the Treasurer of Cook County, that Cook County, Illinois check requisition Number 57018 of the office of said County Treasurer which stated that a check issued to said Sullivan Reporting Company for the sum of four thousand three hundred seventy-four dollars and fifty-two cents, was true and genuine and that the General Forfeiture Foreclosure sales ledger statement attached· thereto and presented together with said requisition where [sic] said Sullivan Reporting Company was shown to be entitled to said money based on services performed for cases itemized therein was true and genuine, whereas, in truth, and in fact, as said

Ernest Peterson and said Patrick J. Sullivan, Junior then and there well knew when they as [sic] pretended as aforesaid, that said check requisition and said General Forfeiture Foreclosure Sales Ledger Statement were not then and there true and genuine and that said Sullivan Reporting Company had not then and there performed and [sic] alleged services for said alleged cases itemized in said ledger sheet; and when said Ernest Peterson and said Patrick J. Sullivan, Junior so pretended as aforesaid they well knew that said pretenses were false and they made the same with the design and for the purpose then and there to induce said Herbert C. Paschen as County Treasurer to sign and affix the signature of said Herbert C. Paschen and said J. E. Sullivan, as Deputy Treasurer of Cook County to countersign said written instrument; and said County of Cook, said Herbert C. Paschen, said J. E. Sullivan and said William Prather then and there relied upon said false pretenses, believed them to be true and were deceived thereby, and by reason of said false pretenses after the asking [sic] thereof by said Ernest Peterson and said Patrick J. Sullivan, Junior then and there were induced to sign and affix the signatures of said Herbert C. Paschen and said J. E. Sullivan to said written instrument; and to execute and deliver the same to said Ernest Peterson and said Patrick J. Sullivan, Junior after it had been signed and executed as aforesaid, as payment to said Sullivan Reporting Company for money due said Sullivan Reporting Company from said County of Cook for alleged court reporting services performed, contrary to the Statute, and against the peace and dignity of the same People of the State of Illinois."

The initial portion of this count is clear enough. It charges that the defendant and Peterson, with intent to defraud the county of Cook of $2860.80, obtained the signatures of county officials to a check in that amount. The balance of the count is described by the prosecution as consisting of allegations of the fraudulent means employed and of reliance upon the false pretenses. But if there is any connection between the initial charge and the allegations relating to the check requisition in the amount of $4374.52, that connection is not stated. The allegation that the defendant pretended that "check requisition Number 57018 of the office of said County Treasurer which stated that a check issued to said Sullivan Reporting Company for the sum of four thousand three hundred seventy-four dollars and fifty-two cents, was true and genuine  * * *," is unintelligible. Both

checks, and the requisition, are "written instruments" and it can not be determined whether the allegations concerning the check and check requisition in the sum of $4374.52 charge additional offenses, or are in some undescribed way related to the check in the sum of $2860.80.

The People admit "the misuse of the expression 'a check issued' " in describing the contents of the requisition, but they make no suggestion as to language that would make the allegation relevant and intelligible. A defendant is not required to grope his way through a mass of words, disregarding what has been erroneously included, and focusing somehow on what is vital. "The court, in construing an indictment, is not at liberty to depart from the words of the indictment itself and speculate as to the possible intention of the writer of the indictment nor to supply matters of substance which have been omitted." (*People* v. *Fore*, 384 Ill. 455, 458; *People* v. *Powell*, 353 Ill. 582, 588.) The defendant's contention that count 2 was vague, indefinite and duplicitous was properly sustained.

The judgment of the criminal court of Cook County is therefore affirmed in part and reversed in part, and the cause is remanded with directions to overrule the motion to quash count 1 of the indictment.

*Affirmed in part and reversed in part and remanded, with directions.*