The People of the State of Illinois, Plaintiff-Appellee, v. James G. Marks and Charles Miles, Defendants-Appellants.

Gen. No. 65–57.

Second District.

November 5, 1965.

Rehearing denied November 29, 1965.

John R. Snively, of Rockford, for appellants.

William R. Nash, State's Attorney, Winnebago County, of Rockford (Alfred W. Cowan, Jr., Assistant State's Attorney, of counsel), for appellee.

MR. PRESIDING JUSTICE ABRAHAMSON delivered the opinion of the court.

The defendants, James G. Marks and Charles Miles, were indicted by the grand jury of Winnebago County on June 30, 1964, for the offense of forgery. Both defendants entered pleas of not guilty and waived their right to trial by jury. Thereafter, the matter proceeded to trial on November 4, 1964, and on November 20, 1964, the court adjudged them guilty as charged in the indictment and sentenced them each to a term of not less than two years nor more than seven years in the Illinois State Penitentiary. The defendants urge several grounds for reversal, contending, 1) that the form of the indictment did not meet the requirements of statutory enactments; 2) that an amendment to the indictment permitted by the court during the trial was of a material nature and not a formal defect; 3) that a void instrument is not the subject of forgery, and, 4) evidence of subsequent similar offenses is not admissible.

The defendants urge denial of their constitutional right in that the caption of the indictment failed to contain the suggested first paragraph provided for under Illinois Revised Statutes, 1963, chap 38, par 716.

386

The section referred to was repealed as of January 1, 1964. We deem it unnecessary to make further comment.

■ Defendants also urge that the indictment fails to contain on the face thereof some words to the effect that the Grand Jury was duly chosen, selected and sworn and made the presentment of the indictment. The record discloses full compliance with Criminal Law and Procedure, chap 38, sec 112, par 1–4, Illinois Revised Statutes, 1963. We find no necessity of reciting on the face of an indictment compliance with these sections, nor does the Legislature so require. Prior to the adoption of the Code of Criminal Law and Procedure it was held in People v. Shaw, 300 Ill 451, 452, 133 NE 208, that the caption is no part of the indictment and has no bearing on the sufficiency of the charge.

It is next contended that the trial court erred in permitting the State's Attorney to amend the indictment on its face by substituting Grayce Cockerill, the owner of the tavern known as "The Office" for William Alkire, an employee thereof, when the evidence so disclosed this fact at the trial, claiming this is an amendment of substance rather than a formal defect.

The Illinois Code of Criminal Procedure provides under paragraph 111–5 of Title IV as follows:

"111–5. Formal Defects in a Charge. An indictment, information or complaint which charges the commission of an offense in accordance with Section 111–3 of this Code shall not be dismissed and may be amended on motion by the State's Attorney or defendant at any time because of formal defects, including: . . . . (d) the presence of any unnecessary allegation; . . ." (Ill Rev Stats, 1963, c 38, par 111–5.)

387

The State contends that this provision supports the decision of the trial court since the allegation in the indictment purportedly identifying the person that the defendants intended to defraud was unnecessary.

It is well established that an intention to defraud is an essential element of the crime of forgery. People v. Bailey, 15 Ill2d 18, 153 NE2d 584; People v. Ciralsky, 360 Ill 554, 196 NE 733. It was formerly held that it was necessary to prove that the forgery was committed with the intention to defraud some particular person and that the particular person be identified in the indictment. People v. Ernst, 306 Ill 452, 457, 138 NE 116; People v. Fox, 95 Ill 71.

A later case discussed the distinction between a general intent to defraud and a specific intent to defraud a particular person. The case does not elaborate on the basis of the distinction but does infer that it is necessary to identify the particular person in the indictment in cases involving a specific intention to defraud. People v. Fore, 384 Ill 455, 51 NE2d 548.

However, it is on the recent Supreme Court case of People v. Crouch, 29 Ill2d 485, 194 NE2d 248, decided in November of 1963, that the State relies for its contention that it is unnecessary to identify the person intended to be defrauded in an indictment charging forgery. The court said in that case:

> "It is apparent from the later decisions of this court that the implications of the earlier Fox and Ernst cases that the indictment must identify the person intended to be defrauded have been abandoned, even though not expressly overruled, and such action accords with the demands of modern commerce in negotiable instruments. The gist of the offense of forgery is the intent to defraud involved in the making of a forged instrument or knowingly uttering the same. The offense is not

388

less inimical to society, nor any more or less harmful, by reason of the identity of the party defrauded or intended to be defrauded."

We conclude, and since it is unnecessary in an indictment to identify the person intended to be defrauded, that such an averment made in error is in the category of a formal defect which can be amended pursuant to the Illinois Code of Criminal Procedure, supra.

■■ The check upon which the indictment was based was the usual payroll check drawn on the account of a Rockford factory. In the lower right hand corner appeared the words "Void after 30 days." The check was passed 43 days after its date. The defendants contend that the check being void on its face, it cannot be the subject of forgery. This contention is erroneous. The check was merely overdue paper and the inscription is for the benefit of the drawer or maker who has the option or election to refuse payment. In People v. Adams, 300 Ill 20, 23, 132 NE 765, it was held that it is not necessary to allege that the instrument forged, if genuine, would have created a legal liability but the essential elements of the crime are a false making of some instrument in writing, apparently capable of effecting a fraud, together with a fraudulent intent. The check here appears to be an ordinary payroll check commonly used in the commercial world and we deem it to be capable of effecting a fraud.

■ In addition to the check charged in the indictment two similar checks were offered and admitted. The three checks were passed by a Mrs. Nelson at the direction of the defendants and were cashed in a period of minutes in three different taverns in close proximity to each other. Defendants contend the admission of the two checks not charged in the indictment was evidence of subsequent offenses of forgery and not admissible for the purpose of proving guilt. The Peo-

ple v. Chronister, 379 Ill 617, 623, 41 NE2d 750. The checks here used were not in fact subsequent offenses but were all part of the same transaction and were admissible to show intent of the defendant in committing the forgery. People v. Bailey, supra; People v. Church, 366 Ill 149, 7 NE2d 894; People v. Dunham, 344 Ill 268, 176 NE 325.

The judgment of conviction for the commission of the crime of forgery is affirmed.

Judgment affirmed.

DAVIS and MORAN, JJ., concur.