**The People of the State of Illinois, Plaintiff-Appellee, v. Roy Curtis Cleveland, Defendant-Appellant.**

Gen. No. 68–84.

Second Judicial District.

January 23, 1969.

Rehearing denied February 20, 1969.

John R. Snively, of Rockford, for appellant.

William R. Nash, State's Attorney, of Rockford, and Keith S. Morse, Assistant State's Attorney, for appellee.

MR. PRESIDING JUSTICE ABRAHAMSON delivered the opinion of the court.

This is an appeal from an order of the Circuit Court of Winnebago County granting the defendant probation.

The defendant, Roy Curtis Cleveland, was indicted for the offense of theft on December 14, 1966. On January 4, 1967, the defendant entered a plea of not guilty. Various motions were filed by the defendant, including a request for a Bill of Particulars. By stipulation of the State and the defendant, an auditor's report would be allowed to stand in lieu of a Bill of Particulars. Although submitted to defendant and the court, this report was not made a part of the record. On July 17, 1967, defendant withdrew his plea of not guilty and entered a plea of guilty. This plea was accepted. Leave was granted the defendant to file a petition for probation and the case was continued to October 31, 1967. On that date defendant was admitted to probation for a period of five years, conditioned upon his confinement to the Illinois State Farm at Vandalia, Illinois, for a term of five months beginning on November 27, 1967, and also that within 30 days from his release therefrom that a final amount of restitution be determined by agreement of the defendant or by court order; that within 90 days

after the amount of restitution had been established by agreement or by order of court, the amount should be paid in full.

The defendant was, at the time of trial, a man of 72 years of age, a resident of Cherry Valley, Illinois, and, prior to the indictment, had been the treasurer and a member of the Board of Trustees of the Cherry Valley Fire Protection District.

The indictment returned herein provided:

> "That on the 30th day of September, 1966, in the County of Winnebago and State of Illinois, one Roy Curtis Cleveland committed the offense of Theft, in that he knowingly obtained unauthorized control over certain checks and money of the legal money and currency of the United States of America, having a value exceeding One Hundred Fifty Dollars ($150.00), the property of Cherry Valley Fire Protection District, a municipal corporation, Roy Curtis Cleveland thereby intending to deprive Cherry Valley Fire Protection District, a municipal corporation, permanently of the use or benefit of said property, in violation of Paragraph 16–1, Chapter 38, Illinois Revised Statutes."

Defendant appealed directly to the Supreme Court of this state. The Court found that defendant's assertions of constitutional claims were lacking in substance and transferred the appeal to this Court.

■ The defendant's contention that the indictment fails to contain on the face some words to the effect that the Grand Jury was duly selected and sworn and made the presentment of the indictment has heretofore been passed upon by this court in People v. Marks, 63 Ill App2d 384, 387, 211 NE2d 548, wherein we found there was no necessity of reciting on the face of an indictment compliance with Criminal Law and Procedure,

417

c 38, § 112, par 1–4 (Ill Rev Stats 1965) nor does the Legislature so require.

 Section 16–1 of the Criminal Code (c 38, § 16–1, Ill Rev Stats 1965) provides:

"A person commits theft when he knowingly:

"(a) Obtains or exerts unauthorized control over property of the owner; or

"(b) Obtains by deception control over property of the owner; or

"(c) Obtains by threat control over property of the owner; or

"(d) Obtains control over stolen property knowing the property to have been stolen by another, and

"(1) Intends to deprive the owner permanently of the use or benefit of the property; or

"(2) Knowingly uses, conceals or abandons the property in such manner as to deprive the owner permanently of such use or benefit; or

"(3) Uses, conceals, or abandons the property knowing such use, concealment or abandonment probably will deprive the owner permanently of such use or benefit. . . ."

Defendant contends that the statute is unconstitutional in that it is vague, indefinite and uncertain. Section 16–1 defines the two elements necessary to constitute a theft—a proscribed act and the requisite intent. A combination of any one of the enumerated acts and any one of the enumerated mental states describes the prohibited offense. People v. Jackson, 66 Ill App2d 276,

279, 214 NE2d 316. The test to be applied to a statute is whether it is sufficiently definite and certain to enable all men to know what acts are proscribed and what conduct will make them liable to punishment. People v. Patrick, 38 Ill2d 255, 257, 258, 230 NE2d 843; People v. Williams, 79 Ill App2d 56, 59, 60, 222 NE2d 915. We find that section 16–1(a) adequately apprises the defendant of the charge against him and encompasses the highly technical description of embezzlement by a public officer before codification, namely that the defendant knowingly exerted unauthorized control over the property of another. The codification, by the Committee Comments, was to abolish completely the labels and highly technical distinctions which have developed through centuries of case law and statutory amendments.

■ ■ Defendant's second and third contentions are interrelated in that they are both based on the position that the statute does not sufficiently define the elements necessary to define theft. Defendant contends that if the statute is insufficient, the trial court did not gain jurisdiction. He then contends that if the statute insufficiently defines the offense, then an indictment charging in the language of the statute is deficient. As stated above, we have found the statute sufficiently defines the elements necessary to constitute theft. Therefore, we find the trial court had jurisdiction and that the indictment framed in the language of the statute is sufficient. People v. Patrick, supra; People v. Robinson, 372 Ill 503, 506, 24 NE2d 376; People v. Jackson, 66 Ill App2d 276, 280, 214 NE2d 316.

■ Defendant next contends that the provisions of the Code of Criminal Procedure of 1963, c 38, § 117–2 (Ill Rev Stats 1963) are void and unconstitutional in that it leaves to the discretion of the judge to require the defendant to serve a portion of his sentence in confinement before being released on probation. The provisions of this section constitute no material change to

419

the previous law as stated in chapter 38, section 787 (Ill Rev Stats 1961). It was proper to require defendant to serve six months in confinement at the Illinois State Farm at Vandalia, Illinois, as a condition of his probation. People v. Adams, 342 Ill App 625, 632, 97 NE 2d 581.

█ Finally, the defendant contends that the court's order relative to restitution is void and constitutes imprisonment for debt. This contention appears premature in that there has been no breach of the requirement of restitution at this time. In support of this contention defendant relies upon People v. Prell, 299 Ill App 130, 133, 19 NE2d 637. We find this case to be inapplicable to the facts before us. In that case the order of probation complained of required the defendant to pay $500 as the supposed damages inflicted in an automobile accident as a result of defendant's wilful and wanton driving. The court held at page 133 that such payment "could not be regarded as restitution 'within the meaning of the law . . . .' " We find that the trial court did not abuse its discretion by making restitution a condition of probation.

For the above stated reasons we find the decision of the trial court should be affirmed.

Judgment affirmed.

MORAN and SEIDENFELD, JJ., concur.