# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Bell*, 2013 IL App (3d) 120328

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ED BELL, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-12-0328 |
| Rule 23 Order filed<br>Motion to publish<br>allowed<br>Opinion filed | April 2, 2013<br><br>May 23, 2013<br>May 23, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court properly dismissed defendant's fifth successive postconviction petition alleging that his sentence for first degree murder was void due to the absence of anything in the record showing that the grand jury was impaneled and sworn, since the Code of Criminal Procedure does not require a statement that the grand jury was impaneled and sworn, and defendant failed to present a sufficient record supporting his claim that the grand jury was not impaneled and sworn, namely, a transcript of the grand jury proceedings, a bystanders report or an agreed statement of facts. |
| Decision Under Review | Appeal from the Circuit Court of Peoria County, No. 95-CF-248; the Hon. Stephen A. Kouri, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Ed Bell, of Joliet, appellant *pro se*.

Jerry Brady, State's Attorney, of Peoria (Terry A. Mertel and Nadia L. Chaudhry, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE CARTER delivered the judgment of the court, with opinion.

Presiding Justice Wright and Justice McDade concurred in the judgment and opinion.

**OPINION**

¶ 1    In 1995, defendant, Ed Bell, was convicted of first degree murder (720 ILCS 5/9-1(a)(2) (West 1994)) and sentenced to life imprisonment. Defendant appeals from the trial court's denial of his motion for leave to file his fifth successive postconviction petition. Defendant argues on appeal, for the first time, that his sentence is void because the record does not show that the grand jury was impaneled and sworn. We affirm.

¶ 2                                FACTS

¶ 3    On February 28, 1995, defendant was originally charged by information with two alternative counts of first degree murder. 720 ILCS 5/9-1(a)(2) (West 1994). On March 28, 1995, defendant was indicted by a grand jury for the same two counts. On March 30, 1995, defendant acknowledged receipt of the indictment and pled not guilty to the charges. Following a jury trial, defendant was convicted of murder and sentenced to life imprisonment.

¶ 4    Following defendant's direct appeals (*People v. Bell*, No. 3-96-0016 (1997) (unpublished order under Supreme Court Rule 23); *People v. Bell*, No. 3-98-0779 (1999) (unpublished order under Supreme Court Rule 23)), he filed multiple postconviction petitions. Relevant to this appeal, on February 19, 2012, defendant filed a motion for leave to file his fifth successive postconviction petition, alleging that his natural life sentence was void because the sentencing range for murder was not 20 years to life. The trial court denied defendant's request for leave. Defendant appeals.

¶ 5                              ANALYSIS

¶ 6    Defendant argues, for the first time in these proceedings, that his sentence is void because the record does not show that the grand jury was impaneled or sworn. Specifically, defendant argues that without a certificate from the clerk showing the impaneling of the grand jury, as

-2-

required by Illinois Supreme Court Rule 608(a)(2) (eff. Dec. 13, 2005), we must presume that the grand jury was not impaneled, and thus could not have been sworn. Defendant further argues that if the grand jury was not sworn, it was without jurisdiction to return an indictment, thereby making his conviction on the indictment void. Defendant admits that he did not raise this issue in the court below or in his successive postconviction petition; however, an objection relating to the jurisdiction of the grand jury can be raised at any time. See *People v. Sullivan*, 21 Ill. 2d 232 (1961).

¶ 7    An indictment is presumed valid, in the absence of evidence to the contrary, when returned by a legally constituted jury. *People v. Whitlow*, 89 Ill. 2d 322 (1982). Here, the indictment appears valid on its face, having been returned in open court, signed by the foreman of the grand jury as a true bill, and also signed by the trial judge and two assistant State's Attorneys.

¶ 8    We acknowledge that section 112-2 of the Code of Criminal Procedure of 1963 (the Code) mandates that the grand jury be impaneled and sworn by the court. 725 ILCS 5/112-2 (West 1994). The indictment, however, is not required to show compliance with this provision of the statute. See 725 ILCS 5/111-3 (West 1994) (providing that the form of a charge is sufficient when it is in writing, states the name of the offense and statutory provision, and sets forth the nature and elements of the offense, the date and county in which it occurred, and names the accused); *People v. Cleveland*, 104 Ill. App. 2d 415 (1969) (noting that face of indictment need not recite compliance with sections 112-1 to 112-4 of the Code); *People v. Smith*, 66 Ill. App. 2d 257 (1966) (noting that in 1964, the prior version of the Code was supplanted by section 111-3, which contains no requirement that the commencement of an indictment be in any particular form or contain any particular language).

¶ 9    With no error showing on the face of the indictment, defendant has failed to provide a sufficient record for this court to decide his argument on appeal. In particular, defendant has not provided a record of the grand jury proceedings. The record shows that in 2008, defendant requested copies of the grand jury transcripts from the office of the circuit clerk, for use in a prior successive postconviction petition. The clerk informed defendant it did not have the transcripts because no transcripts had been prepared. The clerk then gave defendant the address of the supervisor of court reporters to contact. Despite defendant's having received this contact information, there is no evidence that defendant requested that the grand jury proceedings be transcribed or that such proceedings be included in the record on appeal. It is defendant's burden as the appellant to provide the reviewing court with a complete record sufficient to support his claims of error, and any doubts that arise from the incompleteness of the record will be resolved against him. See *People v. Lopez*, 229 Ill. 2d 322 (2008).

¶ 10   Furthermore, if defendant determined that there were no grand jury transcripts available, defendant should have submitted a bystander's report or an agreed statement of facts. See Ill. S. Ct. R. 323(c), (d) (eff. Dec. 13, 2005); *People v. Toft*, 355 Ill. App. 3d 1102 (2005) (stating that where an issue on appeal relates to the conduct of a hearing or proceeding, the issue will not be reviewed absent a report of the proceedings or at least a bystander's report or agreed statement of facts if no transcript exists); *People v. Bragg*, 126 Ill. App. 3d 826 (1984)

(holding that any doubt in a grand jury proceeding relating to whether the grand jury was properly admonished is resolved against defendant when he fails to file a transcript). In the absence of such a record, we will not presume that section 112-2 of the Code was not complied with. *Cf. People v. Gibbs*, 413 Ill. 154 (1952) (noting that where defendant challenged the legality of the grand jury based on the absence of a grand jury list from the record, it was incumbent upon defendant to support his contention with positive proof of the error). Accordingly, we will not presume that the grand jury was without authority to act when it returned defendant's indictment; therefore, we affirm defendant's conviction.

¶ 11                                      CONCLUSION
¶ 12        For the foregoing reasons, the judgment of the circuit court of Peoria County is affirmed.

¶ 13        Affirmed.