# Illinois Official Reports

## Appellate Court

---

### *People v. Kliner*, 2015 IL App (1st) 122285

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RONALD KLINER, Defendant-Appellant. |
| District & No. | First District, Fourth Division<br>Docket No. 1-12-2285 |
| Rule 23 Order filed<br>Motion to publish allowed &<br>rehearing denied<br>Opinion filed | November 26, 2014<br><br><br>January 5, 2015<br>January 6, 2015 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The appellate court affirmed the dismissal of defendant's petition filed under section 2-1401 of the Code of Civil Procedure alleging that his convictions for first degree murder and conspiracy to commit murder were void because the record did not show that the grand jury that entered his indictments was lawfully impaneled, since the record showed compliance with section 112-2 of the Code of Criminal Procedure by stating that the panel of grand jurors was filled, a foreman was appointed, the jurors were sworn, and they were charged by the court. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 93-CR-15476; the Hon. Kay M. Hanlon, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal

Michael J. Pelletier, Alan D. Goldberg, and Sean Collins-Stapleton, all of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg and Michele Grimaldi Stein, Assistant State's Attorneys, of counsel), for the People.

Panel

PRESIDING JUSTICE KITZGERALD SMITH delivered the judgment of the court, with opinion.
Justices Howse and Epstein concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant Ronald Kliner appeals the circuit court's dismissal of his 2011 petition for relief from judgment filed pursuant to section 2-1401(f) of the Code of Civil Procedure (735 ILCS 5/2-1401(f) (West 2010)). On appeal, defendant asserts, as he did in the petition, that his 1996 convictions for first degree murder and conspiracy to commit murder are void because the trial record does not affirmatively show the grand jury that entered his indictments was lawfully impaneled. We affirm.

¶ 2    Following a jury trial, defendant was convicted of the 1988 murder of Dana Rinaldi and for conspiring to commit that crime. Defendant was found eligible for the death penalty because he committed the murder pursuant to a contract or agreement by which he was to receive money or valuables in exchange for committing that crime. See Ill. Rev. Stat. 1987, ch. 38, ¶ 9-1(b)(5). The trial court found no mitigating factors sufficient to preclude the imposition of the death penalty, and defendant was sentenced to death. On direct appeal to the Illinois Supreme Court, defendant's conviction and sentence were affirmed. *People v. Kliner*, 185 Ill. 2d 81, 178 (1998). Defendant filed a petition for writ of *certiorari* before the United States Supreme Court, which was denied. *Kliner v. Illinois*, 528 U.S. 831 (1999). In 2003, defendant's death sentence was commuted to a term of natural life imprisonment.

¶ 3    After his direct appeal, defendant initiated several collateral proceedings. Defendant's first petition for postconviction relief, filed in 2001, was dismissed after an evidentiary hearing. On appeal, this court affirmed. *People v. Kliner*, No. 1-04-0050 (2006) (unpublished order under Supreme Court Rule 23). Defendant also filed motions requesting deoxyribonucleic acid (DNA) testing, which the circuit court denied. On appeal, this court affirmed. *People v. Kliner*, Nos. 1-05-3150, 1-07-0374 cons. (2008) (unpublished order under Supreme Court Rule 23); *People v. Kliner*, 2013 IL App (1st) 110785-U.

¶ 4    On October 3, 2011, defendant filed a *pro se* petition for relief from judgment under section 2-1401(f) (735 ILCS 5/2-1401(f) (West 2010)), alleging his convictions are void because the grand jury that indicted him in 1993 lacked jurisdiction to act. He asserted the record of his trial proceedings did not establish that the grand jury was sworn pursuant to section 112-2(b) of the Code of Criminal Procedure of 1963 (725 ILCS 5/112-2(b) (West

1992)), which states that the "Grand Jury shall be impaneled, sworn and instructed as to its duties by the court."

¶ 5 Defendant further alleged the trial record did not include a certificate as to the impanelment of the grand jury as required by Illinois Supreme Court Rule 608(a)(2) (eff. Aug. 1, 1986). Attached to defendant's petition was a letter from Best E. Anaele, the acting chief deputy clerk of the circuit court of Cook County. The letter to defendant, dated March 30, 2011, stated it was responding to defendant's request for information about case number 93 CR 15476 and "after a careful review of the court record, it does not appear that a Certification of Indictment Grand Jury Empanelment regarding the above-mentioned case exists."

¶ 6 On April 27, 2012, the State filed a motion to dismiss the petition, contending that defendant had placed the burden on the State to produce a certificate of grand jury impanelment, which it describes as a nonexistent document fabricated by defendant. The State further argued that defendant was required to seek relief pursuant to section 2-1401 within two years of his sentencing and that his petition was therefore untimely. On June 1, 2012, defendant filed a response citing *People v. Gray*, 261 Ill. 140, 141 (1913), which held that the record of a criminal case must "show that the grand jury was sworn." Defendant argued that *Gray* establishes the indictment returned by the grand jury in his case was without effect. On August 3, 2012, the circuit court granted the State's motion to dismiss. Defendant now appeals.

¶ 7 A petition for relief from judgment filed pursuant to section 2-1401 must be filed within two years after the entry of the judgment being challenged. 735 ILCS 5/2-1401(c) (West 2010). However, a defendant may seek relief beyond that two-year period where the judgment being challenged is void. *People v. Gosier*, 205 Ill. 2d 198, 207 (2001). The standard of review for the dismissal of a section 2-1401 petition for failure to state a claim for relief is *de novo*. *People v. McChriston*, 2014 IL 115310, ¶ 6.

¶ 8 On appeal, defendant contends, as he did in his section 2-1401 petition, that his convictions are void and should be vacated because the record in this case lacks proof that the grand jury was properly impaneled and sworn. Defendant asserts that without such an affirmative showing, as represented by a certificate described in Rule 608(a)(2), the grand jury lacked the legal right to indict him.

¶ 9 Defendant maintains that no decision has directly conflicted with *Gray*'s holding that a conviction is void if the appellate record lacks a showing that the grand jury was sworn. *Gray* involved the calling of a grand jury in 1912 to "investigate a charge of burglary and larceny against the plaintiff." *Gray*, 261 Ill. at 140. The supreme court noted the following facts:

"The record shows that the sheriff returned into open court the names of sixteen persons whom he had summoned according to law and the order of the court, to serve as grand jurors. The record does not show that any of the persons summoned appeared in court, that a grand jury was empaneled, that a foreman was appointed or sworn, or that a grand jury or any grand juror was sworn. The record shows that on the first day of the term the grand jury came into open court and returned an indictment against the plaintiff ***." *Id*. at 140-41.

¶ 10 Reversing the defendant's convictions, the supreme court held it was "essential to the validity of the record of a criminal case that it show that the proceedings were had in a court

regularly organized." *Id*. at 141. Among those requirements, the supreme court held the record must "show that the grand jury was sworn." *Id*.

¶ 11 Defendant acknowledges, however, that since the 101-year-old decision in *Gray*, the Illinois Supreme Court has held that the circuit court's subject matter jurisdiction over a case is derived from the state constitution and is not conferred by information or indictment. See *People v. Hughes*, 2012 IL 112817, ¶ 20 (citing Ill. Const. 1970, art. VI, ¶ 9); *People v. Benitez*, 169 Ill. 2d 245, 256 (1996) (an invalid indictment does not deprive the circuit court of jurisdiction). *Gray* was decided prior to the effective date of our current constitution.

¶ 12 Even if *Gray* were binding precedent, we note, as the State pointed out to the circuit court in opposing defendant's section 2-1401 petition, that the facts of this case are distinguishable because the record in this case demonstrates that the grand jury was sworn. Defendant's indictment returned on June 7, 1993, states, *inter alia*:

> "The panel of Grand Jurors being now filled, the Court having now here appointed a foreman of said Grand Jury, they were duly sworn and charged by the Court, and thereupon retired to consider their presentments."

¶ 13 Given the presence of that language in the record, we find unavailing defendant's contention that the record does not show compliance with section 112-2 of the Code of Criminal Procedure (725 ILCS 5/112-2(b) (West 1992)), which states that the "Grand Jury shall be impaneled, sworn and instructed as to its duties by the court."

¶ 14 Moreover, this court has rejected defendant's position that section 112-2 requires an affirmative showing of compliance. In *People v. Bell*, 2013 IL App (3d) 120328, ¶ 8, the defendant asserted his sentence was void because the record did not establish that the grand jury had been impaneled or sworn. The court in *Bell* affirmed the defendant's convictions because no error appeared on the face of the indictment and the defendant did not provide a record of the grand jury proceedings in his case to support his claim on appeal. *Bell*, 2013 IL App (3d) 120328, ¶ 9.

¶ 15 The court in *Bell* held that the indictment was not required to show compliance with section 112-2. *Id*. ¶ 8 (citing *People v. Cleveland*, 104 Ill. App. 2d 415 (1969) (face of indictment need not recite compliance with sections 112-1 to 112-4)). The court in *Bell* also noted that in 1964, section 111-3 of the Code of Criminal Procedure (725 ILCS 5/111-3 (West 1994)) was put into effect, stating that the form of a criminal charge is sufficient if it is in writing, states the name of the offense and the statutory provision, sets forth the elements and nature of the offense, the date and county in which it occurred, and names the accused. *Bell*, 2013 IL App (3d) 120328, ¶ 8. The court noted that section 111-3 did not require that the indictment contain any particular language. *Id*. (citing *People v. Smith*, 66 Ill. App. 2d 257 (1966)).

¶ 16 The statutory requirements summarized in *Bell* all have taken effect since *Gray*. A review of Illinois cases reveals that *Gray* has not been relied upon in a published decision since 1961. See *People v. Sullivan*, 21 Ill. 2d 232, 234 (1961) (citing *Gray* for the general proposition that an objection to the jurisdiction of the grand jury can be raised at any time). Additionally, the record in this case establishes the grand jury that entered defendant's indictment was properly sworn.

¶ 17 Defendant nevertheless contends *Bell* is inapposite because, here, he has presented the letter from the representative of the circuit court clerks' office stating that no certificate is

included in the record to establish that the grand jury was impaneled as required by Rule 608(a)(2). However, *Bell* does not hold that the absence of such a certificate invalidates the defendant's conviction or convictions.

¶ 18　　　Defendant further relies on two cases, *People v. Munson*, 319 Ill. 596 (1925), and *People v. Dunson*, 316 Ill. App. 3d 760 (2000), which have no bearing on his appeal. In those cases, the convictions of the defendants were voided because their indictments were secured by persons who were unlicensed to practice law. The unusual circumstances of *Munson* and *Dunson* are not present in the instant case, and we do not accept defendant's invitation to analogize those facts to the case at bar, where a valid indictment was entered by a sworn grand jury, as supported by the record.

¶ 19　　　Accordingly, for all of those reasons, the circuit court's dismissal of defendant's section 2-1401 petition is affirmed.

¶ 20　　　Affirmed.