# Illinois Official Reports

## Appellate Court

---

### *People v. Johnson*, 2015 IL App (2d) 140388

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PATRICK LYNN JOHNSON, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-14-0388 |
| Filed | March 24, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 95-CF-1385; the Hon. Susan Clancy Boles, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Patrick Lynn Johnson, of Menard, appellant *pro se*.<br><br>Joseph H. McMahon, State's Attorney, of St. Charles (Lawrence M. Bauer and Scott Jacobson, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

Panel            JUSTICE ZENOFF delivered the judgment of the court, with opinion. Presiding Justice Schostok and Justice Burke concurred in the judgment and opinion.

**OPINION**

¶ 1       Defendant, Patrick Lynn Johnson, appeals from an order of the circuit court of Kane County denying his motion for leave to file a successive petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2012)) from his conviction of first-degree murder (720 ILCS 5/9-1(a)(1) (West 1994)). Defendant argues on appeal that he established cause and prejudice, entitling him to file a successive petition challenging his sentence pursuant to the due-process principles set forth in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. ___, 133 S. Ct. 2151 (2013). Defendant further contends that his conviction is void because: (1) he was charged by an indictment that was returned by an unsworn grand jury; (2) the indictment did not sufficiently allege the means by which the victim was killed; (3) he was initially charged by complaint, but was not afforded a prompt preliminary hearing to establish probable cause; and (4) the trial court never acquired personal jurisdiction. He also argues that he was not admonished of his right to elect whether to be sentenced under either the law in effect at the time of the offense or the law in effect at the time of sentencing. We affirm.

¶ 2       Defendant was charged with first-degree murder in connection with the 1995 shooting death of Sheldon Raider. Defendant pleaded guilty in 1997, and the trial court imposed an extended-term sentence of 78 years' imprisonment. The trial court concluded that defendant was eligible for an extended-term sentence because the offense was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty. See 730 ILCS 5/5-5-3.2(b) (West 1994). We affirmed defendant's sentence on direct appeal. *People v. Johnson*, No. 2-98-0325 (1999) (unpublished order under Supreme Court Rule 23). Defendant subsequently initiated a number of collateral proceedings under the Act and other statutes.

¶ 3       The Act "provides a means for a criminal defendant to challenge his conviction or sentence based on a substantial violation of constitutional rights." *People v. Beaman*, 229 Ill. 2d 56, 71 (2008). A petition under the Act initiates a collateral proceeding at which the inquiry is limited to constitutional issues that were not, and could not have been, adjudicated on direct appeal. *People v. Williams*, 209 Ill. 2d 227, 232-33 (2004). Section 122-1(f) of the Act provides:

> "Only one petition may be filed by a petitioner under this Article without leave of the court. Leave of court may be granted only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure. For purposes of this subsection (f): (1) a prisoner shows cause by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings; and (2) a prisoner shows prejudice by demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." 725 ILCS 5/122-1(f) (West 2012).

¶ 4    We first consider defendant's arguments that his conviction is void because: (1) the indictment was returned by an unsworn grand jury, (2) defendant was initially charged by complaint but was not afforded a prompt preliminary hearing to establish probable cause, and (3) the indictment did not sufficiently allege the means by which the victim was killed. These issues were not raised in defendant's proposed successive postconviction petition. Nonetheless, if defendant's conviction is indeed void, he is entitled to seek relief for the first time in this appeal. *People v. Spears*, 371 Ill. App. 3d 1000, 1006-07 (2007). We note that a judgment is void only if the court that entered it lacked subject-matter jurisdiction or personal jurisdiction over the party against whom the judgment was entered. See, *e.g.*, *People v. Rios*, 2013 IL App (1st) 121072, ¶ 11.

¶ 5    As pertinent here, the record reveals that a complaint for a preliminary hearing was filed on July 4, 1995, and that an indictment was returned on July 14, 1995, alleging that "defendant, without lawful justification and with the intent to kill or do great bodily harm to Sheldon Raider, shot Sheldon Raider, thereby causing the death of Sheldon Raider." According to defendant, the record further establishes that the grand jurors were not sworn until July 17, 1995. Defendant's challenge to the grand-jury proceedings is based primarily on *People v. Gray*, 261 Ill. 140 (1913), and its progeny. *Gray* held as follows:

> "It is essential to the validity of the record of a criminal case that it show that the proceedings were had in a court regularly organized, and therefore the convening order for the term at which the conviction was had should appear. [Citation.] The record must also show that the grand jury was sworn [citations], that the indictment was returned into open court [citations], that defendant entered a plea to the indictment [citations], that the trial jury was impaneled and sworn, and that the defendant was present at the trial [citation]." *Id.* at 141.

In arguing that he was entitled to a preliminary hearing to establish probable cause, defendant relies on article I, section 7, of the Illinois Constitution of 1970, which provides, in pertinent part, that "[n]o person shall be held to answer for a crime punishable by death or by imprisonment in the penitentiary unless either the *initial charge has been brought by indictment of a grand jury* or the person has been given a prompt preliminary hearing to establish probable cause." (Emphasis added.) Defendant maintains that the indictment in this case was not the "initial charge." Lastly, as to the form of the indictment, defendant appears to argue that the indictment did not sufficiently identify the weapon used to commit the offense.

¶ 6    The State responds that these issues are barred by the doctrine of *res judicata*. "The doctrine of *res judicata* provides that a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the parties or their privies on the same cause of action." *People v. Carroccia*, 352 Ill. App. 3d 1114, 1123 (2004). Thus, in postconviction proceedings, *res judicata* bars relitigation of "any issues which have previously been decided by a reviewing court." *People v. Whitfield*, 217 Ill. 2d 177, 183 (2005). Defendant previously raised these issues in a petition for relief under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2012)). In affirming the denial of that petition, we stated as follows:

> "A number of defendant's contentions relate to the sufficiency of the charging instrument. Specifically, defendant contends that the grand jury was not properly sworn before it returned the indictment against him, the indictment did not sufficiently state the offense of first degree murder, and the prosecution was improperly initiated by

a complaint signed by a law enforcement officer. Even if defendant is correct in his claims of error, they did not render defendant's conviction void, because any defects in the charging instrument do not deprive the trial court of jurisdiction." *People v. Johnson*, No. 2-09-0402, slip order at 4 (2010) (unpublished order under Supreme Court Rule 23).

Accordingly, we agree with the State that review of these issues is barred by *res judicata*. Apart from considerations of *res judicata*, we see no reason to deviate from our prior decision. We note, in particular, that the jurisdictional principles in force when *Gray* was decided were considerably different from those that apply under our present state constitution. See *People v. Kliner*, 2015 IL App (1st) 122285, ¶ 11. The failure to swear the grand jury does not divest the trial court of subject-matter jurisdiction to enter a criminal conviction. *Id.* Furthermore, it has long been recognized that, where a defendant is indicted after initially having been charged in some other manner, article I, section 7, of our state constitution does *not* require the trial court to conduct a preliminary hearing. *People v. Kuelper*, 46 Ill. App. 3d 420, 422-23 (1977). The failure to conduct a preliminary hearing was not error, let alone error that would divest the trial court of subject-matter jurisdiction.

¶ 7 Defendant also argues for the first time on appeal that his conviction is void for lack of personal jurisdiction. While acknowledging that a defendant's appearance before the trial court on a criminal charge ordinarily confers personal jurisdiction over the defendant (see, *e.g.*, *People v. Raczkowski*, 359 Ill. App. 3d 494, 497 (2005)), defendant "asserts that only a valid charging instrument can be used in the personal jurisdiction creation process." Defendant cites no authority in support of the assertion. Bare assertions that are unsupported by any citation of authority do not merit consideration on appeal. *People v. Fredericks*, 2014 IL App (1st) 122122, ¶ 64.

¶ 8 Defendant next argues that he has satisfied the cause-and-prejudice test with respect to his claim that his right to due process of law was violated because his eligibility for an extended-term sentence was not determined by a jury based on proof beyond a reasonable doubt. *Apprendi* held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. *Alleyne* extended this rule to facts that increase the mandatory minimum sentence for an offense. In *People v. De La Paz*, 204 Ill. 2d 426 (2003), our supreme court held that, pursuant to principles set forth in *Teague v. Lane*, 489 U.S. 288 (1989), *Apprendi* announced a "new rule" that does not apply in proceedings for collateral review of convictions that were final before *Apprendi* was decided. *De La Paz* recognized that watershed rules of criminal procedure may be applied retroactively. *De La Paz*, 204 Ill. 2d at 434. However, the *De La Paz* court concluded that *Apprendi* did not announce a watershed rule. *Id.* at 438-39. The rule announced in *Alleyne* is no more a watershed rule than was the rule announced in *Apprendi*. Furthermore, inasmuch as *Alleyne* simply extended the rule announced in *Apprendi*, *Alleyne* cannot be applied retroactively to convictions that were final before *Apprendi* was decided. There is no dispute that defendant's conviction falls within that category.

¶ 9 Defendant notes that the United States Supreme Court has explained that state courts are not required to follow *Teague* and may employ a different retroactivity analysis. *Danforth v. Minnesota*, 552 U.S. 264, 282 (2008). However, notwithstanding *Danforth*, our supreme court

has continued to employ the *Teague* analysis. See *People v. Sanders*, 238 Ill. 2d 391, 400-01 (2010).

¶ 10    The nonretroactivity of *Apprendi* and *Alleyne* necessarily precludes defendant from establishing prejudice for purposes of the cause-and-prejudice test. Because the claim would not have been cognizable in an earlier postconviction proceeding, defendant suffered no prejudice as a result of the failure to raise the claim.

¶ 11    Finally, defendant argues that his conviction and sentence must be vacated because he was not advised of his right to elect to be sentenced under the law in effect either at the time of his offense or at the time of sentencing.[1] Defendant contends that the truth-in-sentencing law (see 730 ILCS 5/3-6-3(a)(2)(i) (West 1996)) took effect after he committed his crime and was in effect when he was sentenced. The truth-in-sentencing law barred the Department of Corrections from awarding good-conduct credit toward prison sentences for first-degree murder. *Id.* In *People v. Reedy*, 295 Ill. App. 3d 34 (1998), *aff'd*, 186 Ill. 2d 1 (1999), this court invalidated the truth-in-sentencing law that was in effect when defendant was sentenced. Department of Corrections records establish that defendant is receiving good-conduct credit in accordance with the law in effect on the date of the offense, which, of course, is the law more favorable to him. In any event, because the law in effect when defendant was sentenced has been invalidated, he could never have validly elected it.

¶ 12    For the foregoing reasons, the judgment of the circuit court of Kane County is affirmed.

¶ 13    Affirmed.

---

[1]Although defendant raises this argument for the first time on appeal (and does not assert here that the judgment is void), we can dispose of it briefly.