# Illinois Official Reports

## Appellate Court

---

### *Johnson v. Williams*, 2016 IL App (3d) 150824

---

| | |
|---|---|
| Appellate Court Caption | PATRICK LYNN JOHNSON, Plaintiff-Appellant, v. TARRY WILLIAMS, Warden, Defendant-Appellee. |
| District & No. | Third District<br>Docket No. 3-15-0824 |
| Filed | August 1, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 15-MR-986; the Hon. Corey D. Lund, Judge, presiding. |
| Judgment | Affirmed; rule to show cause issued. |
| Counsel on Appeal | Patrick Lynn Johnson, of Joliet, appellant *pro se*.<br><br>Lisa Madigan, Attorney General, of Chicago (Michael M. Glick and Russell K. Benton, Assistant Attorneys General, of counsel), for appellee. |
| Panel | JUSTICE SCHMIDT delivered the judgment of the court, with opinion.<br>Presiding Justice O'Brien and Justice Carter concurred in the judgment and opinion. |

¶ 1 In December 1997, plaintiff, Patrick Johnson, pled guilty to first degree murder. A Kane County circuit court sentenced him to 78 years' imprisonment. See *People v. Johnson*, 2015 IL App (2d) 140388, ¶ 2. Plaintiff challenged his conviction on appeal and in multiple postconviction petitions. The Second District denied all of his claims. Plaintiff ultimately filed this *habeas corpus* action in the circuit court of Will County, alleging the Kane County circuit court lacked jurisdiction over him due to a defective indictment—an issue he already argued before the Second District three times. The trial court dismissed plaintiff's complaint. Plaintiff appeals. We affirm the trial court's ruling and sanction the plaintiff.

¶ 2                                    BACKGROUND

¶ 3 The plaintiff in this case was convicted of first degree murder; the Second District affirmed his sentence on appeal. *People v. Johnson*, 303 Ill. App. 3d 1109 (1999) (table) (unpublished order under Supreme Court Rule 23). On three occasions, plaintiff alleged the indictment that brought him before the trial court was issued by an unsworn grand jury and, therefore, the trial court did not have personal jurisdiction over him. *People v. Johnson*, 399 Ill. App. 3d 1234 (2010) (table) (unpublished order under Supreme Court Rule 23); *People v. Johnson*, 2015 IL App (2d) 140388, ¶¶ 5-7; *People v. Johnson*, 2016 IL App (2d) 150586-U, ¶¶ 13-14. The Second District affirmed plaintiff's conviction each time, presuming the grand jury was not sworn when it returned his indictment. *Johnson*, 399 Ill. App. 3d 1234; *Johnson*, 2015 IL App (2d) 140388, ¶¶ 1, 7; *Johnson*, 2016 IL App (2d) 150586-U, ¶¶ 2, 14. Specifically, it ruled that "[t]he failure to swear the grand jury does not divest the trial court of subject-matter jurisdiction to enter a criminal conviction." *Johnson*, 2015 IL App (2d) 140388, ¶ 6; *Johnson*, 2016 IL App (2d) 150586-U, ¶ 14. The Second District further stated in the latter appeals that plaintiff's claims had already been brought before the court and were therefore barred by *res judicata*. *Johnson*, 2015 IL App (2d) 140388, ¶ 6; *Johnson*, 2016 IL App (2d) 150586-U, ¶ 14.

¶ 4 In April 2015, plaintiff filed this *habeas corpus* action *pro se* in the circuit court of Will County. Plaintiff alleged, yet again, that the Kane County circuit court lacked jurisdiction over him because the grand jury that issued the indictment against him was not sworn. The State filed a motion to dismiss pursuant to the Code of Civil Procedure (735 ILCS 5/2-615 (West 2014)), arguing that plaintiff's complaint did not state a cause of action. In November 2015, the circuit court of Will County granted the State's motion to dismiss, finding that "[p]laintiff's argument for lack of personal jurisdiction does not make sense, is waived, and untimely."

¶ 5 Plaintiff appeals.

¶ 6                                     ANALYSIS

¶ 7 On appeal, plaintiff reasserts his claim that the Kane County circuit court did not have personal jurisdiction over him. In response, the State argues (1) this court should affirm the trial court's ruling since plaintiff's complaint failed to state a cause of action, (2) plaintiff's claim is barred by *res judicata*, and (3) this court should consider applying sanctions against plaintiff for filing a frivolous appeal.

¶ 8 We review *de novo* the trial court's grant of a section 2-615 motion to dismiss. *Board of Directors of Bloomfield Club Recreation Ass'n v. Hoffman Group, Inc.*, 186 Ill. 2d 419, 424 (1999). An appellate court may affirm the circuit court's judgment on any basis contained in the record. *Beacham v. Walker*, 231 Ill. 2d 51, 60-61 (2008). The doctrine of *res judicata* bars criminal defendants from reasserting issues already raised on direct appeal. *People v. Walker*, 2016 IL App (3d) 140723, ¶ 13. This prevents defendants from " 'taking two bites out of the same appellate apple.' " *People v. Tenner*, 206 Ill. 2d 381, 395 (2002) (quoting *People v. Partee*, 125 Ill. 2d 24, 37 (1988)).

¶ 9 For the fourth time, the defendant is before an appellate court asserting that the Kane County circuit court did not have jurisdiction over him because of an allegedly defective indictment. He makes several subarguments on appeal. Each argument culminates with the same conclusion: the trial court did not have jurisdiction over him because of the defective indictment. A defendant cannot circumvent *res judicata* merely by rephrasing issues previously addressed. *People v. Simpson*, 204 Ill. 2d 536, 559 (2001). As such, we need not address the merits of defendant's claim further. We affirm the trial court's dismissal of plaintiff's complaint.

¶ 10 The State further urges this court to apply sanctions against the plaintiff. Under Rule 375(b), this court can impose sanctions on a party or a party's attorney when the party's appeal is frivolous or not taken in good faith. Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994). Frivolous appeals are those brought "without merit and [with] no chance of success." Ill. S. Ct. R. 375(b), Committee Comments (adopted Aug. 1, 1989). "Frivolous litigation wastes time, money, and resources that could be better spent addressing potentially meritorious claims filed by good-faith litigants." *People v. Austin*, 2014 IL App (4th) 140408, ¶ 23.

¶ 11 Plaintiff's *pro se* appeal is frivolous. We find it "not reasonably well grounded in fact and not warranted by existing law." Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994). He has been told in no uncertain terms that his jurisdictional argument is meritless. Plaintiff has further been informed that this precise argument is barred by *res judicata*. *Johnson*, 2015 IL App (2d) 140388, ¶ 6; *Johnson*, 2016 IL App (2d) 150586-U, ¶ 14. In spite of this, he persists. Plaintiff's abuse of the system must be thwarted.

¶ 12 Accordingly, we order the plaintiff to show cause within 30 days why sanctions should not be entered against him under Illinois Supreme Court Rule 375(b) (eff. Feb. 1, 1994).

¶ 13 We further remind the trial court of its statutory authority to collect funds from his Department of Corrections trust fund account in order to pay for the costs of this litigation. See *Austin*, 2014 IL App (4th) 140408, ¶ 25 (" 'If a prisoner confined in an Illinois Department of Corrections facility files a pleading *** and the Court makes a specific finding that the pleading *** filed by the prisoner is frivolous, the prisoner is responsible for the full payment of filing fees and actual court costs.' " (quoting 735 ILCS 5/22-105(a) (West 2012))).

¶ 14                                    CONCLUSION
¶ 15 For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

¶ 16 Affirmed; rule to show cause issued.