2020 IL App (3d) 190765

Opinion filed November 9, 2020

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, La Salle County, Illinois. |
| Plaintiff-Appellee, | ) ) | Appeal No. 3-19-0765 |
| v. | ) ) | Circuit No. 12-CF-578 |
| JOSEPH A. MASSAMILLO, | ) ) | Honorable Cynthia M. Raccuglia, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHMIDT delivered the judgment of the court, with opinion.
Justice McDade concurred in the judgment and opinion.
Justice Wright concurred in part and dissented in part, with opinion.

**OPINION**

¶ 1     Defendant, Joseph A. Massamillo, filed a petition for relief from judgment, alleging that his 2013 conviction for unlawful possession of cannabis with intent to deliver was void. The circuit court found that the conviction was not void and dismissed defendant's petition as untimely. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3          The State filed an indictment on December 18, 2012, in which it charged defendant with two counts of unlawful possession of cannabis with intent to deliver (720 ILCS 550/5(f) (West 2012) (Class 1 felony); *id.* § 5(g) (Class X felony)).

¶ 4          On June 5, 2013, defendant pled guilty to a newly-filed Class 2 felony charge of unlawful possession of cannabis with intent to deliver. *Id.* § 5(e). The court sentenced defendant to a term of three years' imprisonment, to be followed by a two-year term of mandatory supervised release. Defendant has not included the report of proceedings from his plea hearing in the appellate record.

¶ 5          On December 15, 2017, defendant filed a petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (Code). See 735 ILCS 5/2-1401 (West 2016). In his petition, defendant alleged that his conviction had been based upon a traffic stop effectuated on Interstate 80 by the State's Attorney's Felony Enforcement (SAFE) unit. Citing our supreme court's decision in *People v. Ringland*, 2017 IL 119484, defendant asserted that the SAFE unit was not a valid law enforcement entity and that the stop of his vehicle and his subsequent arrest were both unauthorized and illegal. Defendant concluded: "Applying the holding of *Ringlnd* [*sic*] to The Circuit Court of La Salle County, La Salle County no longer has jurisdiction over any of the Defendants that were stopped, arrested and prosecuted by the State's Attorney of La Salle County." Defendant requested that the court vacate his conviction as void.

¶ 6          The State filed a response, alleging that defendant's petition was filed outside of the two-year limitations period contemplated by section 2-1401. The State argued that the holding in *Ringland* did not disturb circuit court jurisdiction and that defendant's conviction was therefore not void.

¶ 7        The circuit court entered an order on January 24, 2018, denying defendant's petition but granting leave to refile. The precise grounds for this order are unknown, as defendant has not included in the appellate record any report of proceedings relating to his original petition.

¶ 8        On June 14, 2018, defendant filed a petition for relief from judgment, raising the same claim: that his conviction was void because the unauthorized actions of the SAFE unit deprived the circuit court of jurisdiction. The State, now via a special prosecutor, filed a motion to dismiss, again asserting untimeliness.

¶ 9        The court ultimately dismissed defendant's petition for relief from judgment, finding that defendant's conviction was not void and that his petition was therefore untimely. This appeal follows.

¶ 10        II. ANALYSIS

¶ 11        On appeal, defendant raises the same arguments as those raised in the circuit court. Namely, he argues that because his stop and arrest were unauthorized, the circuit court lacked jurisdiction over him. He contends that the lack of jurisdiction renders his conviction void and that such a claim of voidness is not subject to the two-year limitations period applicable to petitions for relief from judgment under section 2-1401.

¶ 12        Section 2-1401 of the Code provides a statutory procedure for seeking vacatur of a final judgment that is more than 30 days old. 735 ILCS 5/2-1401 (West 2018); *People v. Vincent*, 226 Ill. 2d 1, 7 (2007). A petition for relief from judgment under this section must be filed within two years of the judgment being challenged. 735 ILCS 5/2-1401(c) (West 2018). The two-year limitations period, however, is inapplicable where the judgment being challenged is void.[1]

_____

[1]Periods in which a petitioner suffers from legal disability or duress, or during which the grounds for relief are fraudulently concealed from a petitioner, are also excluded in the calculation of the two-year

*People v. Thompson*, 2015 IL 118151, ¶ 29. We review the circuit court's dismissal of a petition for relief from judgment *de novo*. *Vincent*, 226 Ill. 2d at 14.

¶ 13     The State does not dispute that the traffic stop and subsequent arrest in this case were conducted by the SAFE unit. Nor does the State dispute that the SAFE unit was not authorized to take those actions. This court previously held in *People v. Ringland*, 2015 IL App (3d) 130523, ¶¶ 24, 42, 48, that the creation of a drug interdiction unit by the state's attorney exceeded the scope of section 3-9005(b) of the Counties Code (55 ILCS 5/3-9005(b) (West 2012)). Our supreme court affirmed that holding, finding that neither section 3-9005 nor the common law provided authority for the state's attorney or his unit to "patrol the highways, engage in law enforcement, and conduct drug interdiction." *Ringland*, 2017 IL 119484, ¶¶ 21, 24-25, 33.

¶ 14     This appeal calls on us to consider whether defendant's unauthorized arrest at the hands of the SAFE unit renders his subsequent criminal conviction void. Illinois law recognizes two types of void judgments. *Thompson*, 2015 IL 118151, ¶¶ 31-32. First, a judgment is void where "the court that entered the final judgment lacked personal or subject matter jurisdiction." *Id.* ¶ 31. Second, a judgment is void where it is based upon a facially unconstitutional statute, which is void *ab initio*.[2] *Id.* ¶ 32.

¶ 15     This case presents no issue relating to the circuit court's subject matter jurisdiction. Article VI, section 9 of the Illinois Constitution provides that "Circuit Courts shall have original jurisdiction of all justiciable matters ***." Ill. Const. 1970, art. VI, § 9. "With the exception of

---

period under section 2-1401. 735 ILCS 5/2-1401(c) (West 2018). Defendant does not argue that either of those exceptions apply to his case.

[2]The void *ab initio* doctrine is inapplicable to the present case. Under that doctrine, a statute that has been found facially unconstitutional is deemed void *ab initio*, or void from the beginning. *People v. Holmes*, 2017 IL 120407, ¶ 12. The unconstitutional law " 'confers no right, imposes no duty and affords no protection. It is *** as though no such law had ever been passed.' " *People v. Gersch*, 135 Ill. 2d 384, 399 (1990) (quoting *People v. Schraeberg*, 347 Ill. 392, 394 (1932)). No statute relevant to this case has been found or is argued to be facially unconstitutional.

the circuit court's power to review administrative action, which is conferred by statute, a circuit court's subject matter jurisdiction is conferred entirely by our state constitution." *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 334 (2002). There can be no doubt that defendant's prosecution for unlawful possession of cannabis with intent to deliver was a justiciable matter. See *id.* at 335; see generally *People v. Glowacki*, 404 Ill. App. 3d 169, 172 (2010) ("Under this rule, most void judgments occur when the trial court lacks personal jurisdiction; failures of subject matter jurisdiction are unusual.").

¶ 16    Accordingly, defendant argues only that the circuit court lacked personal jurisdiction over him. More specifically, he claims: "Defendant's stop by a SAFE unit investigator was unlawful; therefore, personal jurisdiction was never acquired over Defendant. Defendant's court appearances and conduct thereafter, including his guilty plea, were done without proper personal jurisdiction over Defendant ***." Similarly, in his reply brief, defendant repeatedly asserts that personal jurisdiction was lacking because he "was never properly brought before the court" and never voluntarily submitted to the court's jurisdiction.

¶ 17    Defendant, like the dissent, fails to provide citation to any authority that supports his assertions. This failure likely stems from the fact that his assertions are incorrect. Our supreme court declared in 1970:

> "The general rule is that if a defendant is physically present before the
> court on an accusatory pleading, either because held in custody after arrest
> or because he has appeared in person after giving bail, the invalidity of the
> original arrest is immaterial, even though seasonably raised, as far as the
> jurisdiction of the court to proceed with the case is concerned. [Citations.]
> Due process of law is satisfied when one present in court is convicted of

crime after having been fairly apprised of the charges against him and after a fair trial in accordance with constitutional procedural safeguards. Accordingly it is held that the power of a court to try a person for crime is not impaired by the fact that he has been brought within the court's jurisdiction by reason of a forcible abduction." *People v. Bliss*, 44 Ill. 2d 363, 369 (1970).

Even 50 years ago, that particular statement of the law was not new or novel. See *People v. Rose*, 22 Ill. 2d 185, 186 (1961) ("We find it unnecessary to consider the defendant's contention that she was illegally arrested for it is settled that illegal arrest, in itself, in no way affects a judgment of conviction [citation].").

¶ 18    It is well-settled that "a defendant's appearance before the trial court on a criminal charge ordinarily confers personal jurisdiction over the defendant." *People v. Johnson*, 2015 IL App (2d) 140388, ¶ 7; see also, *e.g.*, *People v. Speed*, 318 Ill. App. 3d 910, 915 (2001); *United States v. McLaughlin*, 949 F.3d 780, 781 (2d Cir. 2019) (*per curiam*) ("When a District Court has subject matter jurisdiction over the criminal offenses charged, it has personal jurisdiction over the individuals charged in the indictment and present before the court to answer those charges."). In the instant case, there is no dispute that defendant was properly charged and appeared before the circuit court. While defendant claims that he was not "properly brought before the court," *Bliss* makes clear that the concept of personal jurisdiction is subject to no such caveats.

¶ 19    Defendant also argues that his case is distinguishable from the more common situation in which arrests are deemed illegal for lack of probable cause "because [defendant's] arrest was invalid from its inception due to the lack of authority of the officer to make the arrest." In

essence, he argues that the instant arrest was even *more* illegal than a mere violation of the fourth amendment.

¶ 20    Again, defendant has cited no authority in support of the notion of tiers of illegality, or that one illegal arrest may be merely illegal while another is "invalid from its inception." In fact, the rule that an illegal arrest is not a jurisdictional issue has been applied in circumstances far more egregious than those seen here. In *Frisbie v. Collins*, 342 U.S. 519, 520 (1952), for instance, the defendant was forcibly seized from his home in Chicago by Michigan officers, who subsequently transported him to Michigan. The United States Supreme Court, while allowing that the Michigan officers might be subject to criminal penalties under the Federal Kidnaping Act, nevertheless concluded that jurisdiction over the defendant by the Michigan courts was sound:

> "This Court has never departed from the rule announced in *Ker v. Illinois*, 119 U.S. 436, 444 [(1886)], that the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a 'forcible abduction.' No persuasive reasons are now presented to justify overruling this line of cases. They rest on the sound basis that due process of law is satisfied when one present in court is convicted of crime after having been fairly apprized of the charges against him and after a fair trial in accordance with constitutional procedural safeguards. There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will." *Id.* at 522.

¶ 21    Defendant here was illegally arrested by a unit that had no statutory or common law authority to take such an action. *Ringland*, 2017 IL 119484, ¶¶ 21, 33. That illegal arrest, however, had no impact on the circuit court's jurisdiction. See *Bliss*, 44 Ill. 2d at 369. The court had subject matter jurisdiction derived from the Illinois Constitution and personal jurisdiction because defendant appeared in court to answer charges. Moreover, defendant's conviction was not based upon a facially unconstitutional statute. In short, defendant's conviction is not void.

¶ 22    Accordingly, any attack on that conviction raised in a petition for relief from judgment is subject to the two-year limitations period of section 2-1401. 735 ILCS 5/2-1401(c) (West 2018). Because defendant filed his petition more than five years after his conviction, and the State raised the issue of timeliness in a motion to dismiss, the circuit court properly dismissed defendant's petition as untimely.

¶ 23                                  III. CONCLUSION

¶ 24    For the foregoing reasons, we affirm the judgment of the circuit court of La Salle County.

¶ 25    Affirmed.

¶ 26    JUSTICE WRIGHT, concurring in part and dissenting in part:

¶ 27    I respectfully concur in part and dissent in part. First, based on the argument advanced by defendant, I agree with the majority's view that defendant's section 2-1401 petition was untimely. However, I note that this court has not been asked to consider whether due diligence resulted in a timely-filed petition following the holding in *People v. Ringland*, 2017 IL 119484.

¶ 28    Similarly, I agree with the majority's observation that this court is bound by existing precedent. The existing precedent makes it clear that the SAFE unit was unlawfully operating as a drug interdiction unit. Ironically, the SAFE unit has been unanimously denounced as an unlawful law enforcement operation by two levels of judicial review. See *id.* ¶¶ 2, 33.

¶ 29      For purposes of this separate offering, I turn to precedent from our supreme court concerning void convictions.[3] Recently, in *In re N.G.*, 2018 IL 121939, our supreme court relied on the authority represented by the decisions in *Montgomery v. Louisiana*, 577 U.S. ___, 136 S. Ct. 718 (2016), and *Class v. United States*, 583 U.S. ___, 138 S. Ct. 798 (2018). In so doing, our supreme court stated as follows:

>      "The United States Supreme Court has identified two basic paths for analyzing the consequences of a constitutionally deficient criminal conviction. Which path a court must follow depends, in the first instance, on the reason the conviction is unconstitutional. Where the conviction is found to have resulted from constitutionally deficient *procedures*, that determination does not negate the possibility that the defendant is actually culpable for the underlying offense and could have been convicted of that offense had the constitutionally mandated standards been followed." (Emphasis in original.) *In re N.G.*, 2018 IL 121939, ¶ 34.

¶ 30      This appeal falls onto the first path. In other words, our court must determine the severity of the *consequences* stemming from the state's attorney's unlawful operation of the SAFE unit, beyond the boundaries of his authority rooted in our state constitution. The trial court determined that no negative consequences should be imposed due to the prosecutor's unlawful operations. Respectfully, I conclude that the egregious prosecutorial abuse of power warrants a serious consequence, specifically, defendant's conviction should be treated as void in spite of his guilty plea. Even if the outcome of this appeal is severely limited to the unique facts of record, I would hold that this conviction cannot be salvaged.

---

[3]The case law regarding void convictions is distinguishable from case law abolishing the void sentence rule.

¶ 31    First, this felony arrest, culminating in a conviction, cannot be justified, in hindsight, as based on a constitutional traffic stop qualifying as a citizen's arrest. This is not a citizen's arrest due to the use of a trained canine, which is a tool that is not available to private citizens. See *People v. Lahr*, 147 Ill. 2d 379, 382-83 (1992). Moreover, to my knowledge, the case law does not create a good faith exception for a private citizen acting as an agent for an unlawful drug interdiction unit, no matter how successful those operations may have been.

¶ 32    Further, defendant's traffic stop was not an isolated mistake but a part of a pattern of prosecutorial misuse of authority. For example, in *People ex rel. Donnelly v. City of Spring Valley*, 2020 IL App (3d) 180202-U, ¶¶ 6-7, the SAFE unit seized nearly $1 million from travelers on Interstate 80 between 2011 and 2015. These monies, tracing back to illegal operations by the state's attorney's office, were then lawfully distributed, according to statute, between the SAFE unit, other agencies, and local municipalities. See *Guava LLC v. Comcast Cable Communications, LLC*, 2014 IL App (5th) 130091, ¶ 14 n.1, (a reviewing court may take judicial notice of unpublished orders, not as proof of the findings of fact contained therein, but to provide context to the allegations levied in the instant appeal); *Aurora Loan Services, LLC v. Kmiecik*, 2013 IL App (1st) 121700, ¶ 37 (providing that a reviewing court may take judicial notice of a written decision that is part of the record of another court because those decisions contain readily verifiable facts). Moreover, the City of Spring Valley, alone, deposited more than $500,000 into its drug asset forfeiture fund, and this amount was traced back to the SAFE unit. Later, approximately $100,000 was transferred from that fund to the City of La Salle. Similarly, an equal amount was transferred from that fund to the City of Ottawa. *Donnelly*, 2020 IL App (3d) 180202-U, ¶ 7.

¶ 33    In this particular case, the court ordered defendant to pay $30,000 *instanter*, as fines and fees, after approving a negotiated plea agreement crafted by the state's attorney. This sum was eventually lawfully distributed, according to statute, to several local government entities. In my view, this process created unjust financial enrichment of various government entities, resulting from the prosecutor's wrongdoing. Public policy supports a significant *consequence* that will deter other prosecutors from forming their own SAFE unit. Without a negative consequence, such as a void conviction, other agencies may decide that an unlawful drug interdiction is worth the risk because, if defendant's conviction is affirmed, then the $30,000 distributed from defendant's payment of court-ordered fines and fees will remain in the hands of government agencies.

¶ 34    Respectfully, the end does not justify the means, no matter how successful this drug interdiction unit may have been. Therefore, I would remand the matter with directions for the trial court to enter an order vacating defendant's conviction as void and requiring the current state's attorney to locate and refund all monies, with the exception of the bond fee the circuit clerk is entitled to keep. See 725 ILCS 5/110-7(f) (West 2018).

¶ 35    For these reasons, I respectfully concur in part and dissent in part.

**No. 3-19-0765**

| | |
|---|---|
| **Cite as:** | *People v. Massamillo*, 2020 IL App (3d) 190765 |
| **Decision Under Review:** | Appeal from the Circuit Court of La Salle County, No. 12-CF-578; the Hon. Cynthia M. Raccuglia, Judge, presiding. |
| **Attorneys for Appellant:** | Jack E. Boehm Jr., of Lake Bluff, for appellant. |
| **Attorneys for Appellee:** | Karen Donnelly, State's Attorney, of Ottawa (Patrick Delfino, Thomas D. Arado, and Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |