NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 250504-U

NO. 4-25-0504

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 19, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Tazewell County |
| DAVID L. JORDAN, | ) | No. 13CF282 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Christopher R. Doscotch, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Justices Zenoff and Knecht concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The appellate court affirmed, finding the trial court properly granted the State's motion to dismiss defendant's postconviction petition at the second stage of postconviction proceedings.

¶ 2           In August 2013, defendant, David L. Jordan, pleaded guilty to first degree murder. 720 ILCS 5/9-1(a)(1) (West 2012). In June 2019, he filed a postconviction petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)) that was dismissed. Following reversal of the dismissal and upon remand, defendant elected to proceed *pro se* and filed a *pro se* postconviction petition. The State moved to dismiss the petition, and the trial court granted the State's motion. Defendant appealed, and the Office of the State Appellate Defender (OSAD) was appointed to represent him on appeal. OSAD moves to withdraw as counsel for defendant, contending the potential issues in this appeal would be meritless. We agree, grant OSAD's motion, and affirm the trial court's judgment.

¶ 3                              I. BACKGROUND

¶ 4           In August 2013, defendant pleaded guilty to first degree murder for shooting and

killing Larry Van Dyke and was sentenced to 50 years' imprisonment. He subsequently sought to

withdraw his guilty plea, but the trial court denied his motion. Defendant appealed and the

appellate court affirmed. See *People v. Jordan*, No. 3-18-0006 (2019) (unpublished order under

Illinois Supreme Court Rule 23(c)).

¶ 5           In June 2019, defendant filed a *pro se* postconviction petition, contending he was

innocent and had been coerced into pleading guilty. The matter advanced to second-stage

proceedings under the Act. In January 2020, counsel for defendant filed an amended petition and

a certificate of compliance pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).

The State moved to dismiss the petition, and, in January 2021, the trial court granted the State's

motion. Defendant appealed. In June 2023, the appellate court reversed the trial court's dismissal

order, finding postconviction counsel failed to file a certificate of compliance pursuant to Illinois

Supreme Court Rule 651(c) (eff. July 1, 2017) and the incomplete record prohibited the court

from determining whether counsel had otherwise complied with Rule 651(c). See *People v.

Jordan*, No. 3-21-0083 (unpublished order under Illinois Supreme Court Rule 23(c)). The

appellate court remanded the matter for appointment of new counsel and further proceedings

under the Act. *Id.*

¶ 6           In August 2021, defendant filed a *pro se* petition for relief from judgment

pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2020)),

alleging various constitutional violations. The State moved to dismiss. In January 2022, the trial

court dismissed the petition, finding it untimely. On the merits, the court found defendant's

claims were either barred by *res judicata* or he had failed to show due diligence in presenting his

claims that were previously unknown to him. Defendant appealed. OSAD, defendant's counsel on appeal, moved to withdraw, arguing the issues within defendant's petition were meritless. In November 2022, the appellate court agreed, granted OSAD's motion, and affirmed the trial court's judgment. See *People v. Jordan*, No. 4-22-0136 (unpublished order under Illinois Supreme Court Rule 23(c)).

¶ 7	In August 2024, on remand, newly appointed counsel for defendant filed a supplemental postconviction petition on defendant's behalf and a certificate of compliance pursuant to Rule 651(c). That same month, counsel informed the trial court defendant had expressed a desire to represent himself. In September 2024, the State moved to dismiss the supplemental petition, and defendant requested to proceed *pro se*. In November 2024, defendant filed a *pro se* amended petition alleging ineffective assistance of counsel and the trial court lacked subject matter jurisdiction.

¶ 8	In December 2024, the trial court stated defendant had "made it clear that he wants to represent himself." When the court asked defendant if he was comfortable with postconviction counsel withdrawing, he said, "Absolutely." The court permitted defendant to represent himself. He elected to proceed on his *pro se* petition filed in November 2024. In January 2025, following a motion for clarification by the State, the court ordered defendant to refile "any and all documents intended to be Defendant's Petition for Post-Conviction Relief."

¶ 9	In February 2025, defendant filed a supplemental postconviction petition, along with his own affidavit and a "Proof of Claim." The petition alleged (1) the trial court was an "Administrative Court" that lacked jurisdiction over him as a "Claimant at law," (2) the State was a corporation that had not established defendant had contracted with it, (3) his previous counsel was ineffective for failing to challenge the court's subject matter jurisdiction, and (4) he

- 3 -

was denied due process because "only living, breathing, flesh and blood men/women can file a criminal complaint." In April 2025, the State moved to dismiss the *pro se* supplemental petition. On May 16, 2025, the matter proceeded to a hearing on the State's motion.

¶ 10       At the hearing, the State stood on its motion and summarized its position by arguing there was no basis in law for defendant's allegations. In response, defendant stated:

"I'm a living, breathing, flesh and blood Moorish American man who's the beneficiary and executor of the David Lavelle Jordan Trust, and, Judge, I appoint you as trustee. As trustee, I want you to discharge this matter I'm accused of and eliminate the record. I wish to be compensated from the trust for $1 million in redemption."

¶ 11       The trial court described defendant's legal theories as "sovereign citizen" and stated it was not aware of any court in Illinois or any federal court that had accepted such theories. The court found there was "absolutely zero legal basis for [defendant's] claims, each and every one of them." The court denied the claims and granted the State's motion.

¶ 12       This appeal followed.

¶ 13                    II. ANALYSIS

¶ 14       On appeal, OSAD has moved to withdraw as counsel for defendant, contending any appeal in this case would be frivolous and patently without merit. OSAD sent a copy of its motion to withdraw to defendant. This court sent notice to defendant, granting him leave to file a response to OSAD's motion by October 27, 2025. He did not respond.

¶ 15       In OSAD's motion to withdraw, it notes two potential issues it reviewed: (1) whether the trial court properly permitted defendant to proceed *pro se* and (2) whether defendant had made a substantial showing of a deprivation of a constitutional right in any of his

postconviction claims. Counsel concluded the record does not support a basis for either issue and has requested to withdraw.

¶ 16                    A. Whether the Trial Court Properly Permitted Defendant
                                       to Proceed *Pro Se*

¶ 17        The right to counsel in postconviction proceedings is wholly statutory. *People v. Turner*, 187 Ill. 2d 406, 410 (1999); 725 ILCS 5/122-4 (West 2024). A defendant may waive the statutory right to postconviction counsel, so long as it is voluntary, knowing, and intelligent. *People v. Lesley*, 2018 IL 122100, ¶ 50. To voluntarily, knowingly, and intelligently waive postconviction counsel, a defendant must be aware of "both the nature of the right being abandoned and the consequences of the decision to abandon it." *Id.* ¶ 51. Whether a waiver of postconviction counsel has been proper depends "upon the particular facts and circumstances of each case, including the background, experience, and conduct of the accused." *Id.*

¶ 18        In the case *sub judice*, defendant was adamant both in his statements to the court and in his filings that he insisted on representing himself. The record does not call into question whether he understood the consequences of his actions. While, as we explain below, the legal theories defendant insisted on pursuing were unsupported, "a lack of legal sophistication or the advancement of unsupported legal theories, unsuccessful trial strategies, and unwise tactical decisions" are not a basis to conclude a defendant is incompetent to represent themselves. *People v. McNutt*, 2020 IL App (1st) 173030, ¶ 97. Accordingly, we agree with counsel it would be meritless to contend the trial court erred when permitting defendant to proceed *pro se*.

¶ 19        B. Whether Defendant Made a Substantial Showing of a Deprivation of a
                       Constitutional Right in Any of His Postconviction Claims

¶ 20        "The [Act] provides a procedural mechanism through which criminal defendants can assert that their federal or state constitutional rights were substantially violated in their

original trials or sentencing hearings." *People v. Buffer*, 2019 IL 122327, ¶ 12. A postconviction petition must clearly set forth the ways in which a defendant claims his constitutional rights were violated. 725 ILCS 5/122-2 (West 2020). "The petition shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." *Id.*

¶ 21        "The Act provides a three-stage process for the adjudication of postconviction petitions." *Buffer*, 2019 IL 122327, ¶ 45. Once a postconviction petition moves from the first to the second stage, the trial court may appoint counsel to represent the defendant, and the State may file responsive pleadings. *People v. House*, 2021 IL 125124, ¶ 17. During the second stage, the court determines "whether the postconviction petition and any accompanying documentation make a substantial showing of a constitutional violation." *Id.* If a defendant fails to make a substantial showing of a constitutional violation, his postconviction claims are subject to dismissal. *Id.*

> "A postconviction proceeding is not a substitute for a direct appeal but rather is a collateral attack on a prior conviction and sentence. The purpose of the proceeding is to allow inquiry into constitutional issues involved in the original conviction and sentence that have not been, and could not have been, adjudicated previously on direct appeal." *Buffer*, 2019 IL 122327, ¶ 12.

The trial court's dismissal of a defendant's claims at the second stage of postconviction proceedings is subject to *de novo* review. *People v. Johnson*, 2017 IL 120310, ¶ 14.

¶ 22        Recall, defendant's petition alleged (1) the trial court was an "Administrative Court" that lacked jurisdiction over him as a "Claimant at law," (2) the State was a corporation

that had not established defendant had contracted with it, (3) his previous counsel was ineffective for failing to challenge the court's subject matter jurisdiction, and (4) he was denied due process because "only living, breathing, flesh and blood men/women can file a criminal complaint."

¶ 23    Two of defendant's allegations are jurisdictional in nature. A defendant may challenge a judgment as void where the final judgment was entered by a court that lacked personal or subject matter jurisdiction. *People v. Thompson*, 2015 IL 118151, ¶ 31. Personal jurisdiction over a defendant is acquired by the trial court when the defendant is brought before the court. *People v. Massamillo*, 2020 IL App (3d) 190765, ¶¶ 17-18; *People v. Bliss*, 44 Ill. 2d 363, 369 (1970). Here, defendant appeared before the court on numerous occasions prior to pleading guilty. Accordingly, the court had personal jurisdiction over him.

¶ 24    Subject matter jurisdiction "refers to a court's power to hear and determine cases of the general class to which the proceeding in question belongs." (Internal quotation marks omitted.) *People v. Castleberry*, 2015 IL 116916, ¶ 12. A trial court acquires subject matter jurisdiction in a criminal case when the offense alleged in the charging instrument "fall[s] within the general class of cases that the court has the power to hear and determine under the Criminal Code of 1961 [(720 ILCS 5/1-1 *et seq.* (West 2012))]." *People v. Hughes*, 2012 IL 112817, ¶ 21. Here, when the State charged defendant with the statutory offense of first degree murder (720 ILCS 5/9-1(a)(1) (West 2012)), the trial court acquired subject matter jurisdiction.

¶ 25    "A claim of ineffective assistance of counsel is evaluated under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984)." *People v. Henderson*, 2013 IL 114040, ¶ 11. "Under this test, a defendant must demonstrate that counsel's performance fell below an objective standard of reasonableness, and a reasonable probability exists that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* "A defendant's

failure to establish either prong of the *Strickland* test precludes a finding of ineffective assistance of counsel." *Id.* Had any of defendant's previous counsel challenged the trial court's subject matter jurisdiction, they would have been unsuccessful. Thus, defendant cannot show prejudice and, therefore, he cannot show counsel was ineffective.

¶ 26 Regarding defendant's remaining contentions, we find them meritless. It was defendant's burden to make a substantial showing of a violation of a constitutional right. *House*, 2021 IL 125124, ¶ 17. First, setting aside defendant's baseless assertion the State of Illinois is a corporation, there is no constitutional right that the State must contract with a defendant when he pleads guilty. Second, setting aside that the operations of prosecutions in this State are handled by living and breathing men and women (*i.e.*, state's attorneys and their assistants), the requirements for a charging instrument are plainly stated in section 111-3 of the Code of Criminal Procedure of 1963 (725 ILCS 5/111-3 (West 2012)). Defendant does not cite any legally cognizable defect in the charging instrument.

¶ 27 III. CONCLUSION

¶ 28 For the reasons stated, we grant OSAD's motion to withdraw and affirm the trial court's judgment.

¶ 29 Affirmed.